Ronald ALMAN, etc.,
Plaintiff, Appellee,

v.

TAUNTON SPORTSWEAR MANUFAC-
TURING CORP., et al., Defendants,
Appellees,

Steven Singer, Defendant, Appellant.

No. 87–1967.

United States Court of Appeals,
First Circuit.

Heard March 7, 1988.

Decided Sept. 7, 1988.

As Amended Sept. 30, 1988.

Stephen M. Sheehy with whom Howard
M. Brown and Kaye, Fialkow, Richmond &
Rothstein, Boston, Mass., were on brief, for
defendant, appellant.

John McMahon with whom Angoff, Gold-
man, Manning, Pyle, Wanger & Hiatt, P.C.,
Boston, Mass., was on brief, for plaintiff,
appellee Ronald Alman.

Before CAMPBELL, Chief Judge,
WISDOM,* Senior Circuit Judge, and
BOWNES, Circuit Judge.

LEVIN H. CAMPBELL, Chief Judge.

This appeal requires us to determine
whether an order of the district court was
an appealable "final decision" for the pur-
poses of 28 U.S.C. § 1291 (1982), which

* Of the Fifth Circuit, sitting by designation.

gives jurisdiction to the federal courts of appeals over "appeals from all final decisions of the district courts of the United States."

## I.

In 1985, the trustee of several multi-employer benefit funds, one Ronald Alman, brought this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* (1982), against Taunton Sportswear Manufacturing Corp. ("Taunton"), and Steven Singer, Taunton's president and sole shareholder. The trustee sought to recover delinquent fund contributions defendants allegedly owed under the terms of collective bargaining agreements between Taunton and Local 178 of the International Ladies Garment Workers Union. His complaint included requests for the recovery of "contributions due during the pendency of this action" and for a court order permanently enjoining defendants to comply with the relevant terms of the agreements.

About two years after the complaint was filed, the parties entered into the following stipulation:

Partial judgment should enter for plaintiff Alman against [Taunton] in the amount of $63,321.91 (representing an arrears of payment to the Employees Benefit Funds, including partially calculated interest, which accrued through August 30, 1986) without waiver of plaintiff['s] rights to any arrears accrued after August 30, 1986, and interest thereon or plaintiff's claim to a judgment against [Taunton] and Mr. Steven Singer jointly and severally for all arrears owed to the plaintiff's employee benefit funds and for all other statutory relief.

In accordance with this agreement, the district court entered a "partial judgment" on February 25, 1987. The text of this judgment included the agreement's language reserving Alman's rights 1) to seek recovery of arrears accruing after August 30, 1986, and 2) to seek a judgment that Taunton and Singer were jointly and severally liable.

Alman subsequently filed a motion for summary judgment, requesting the following relief:

summary judgment in [plaintiff's] favor against defendants [Taunton and Singer] jointly and severally for all contributions owed to plaintiff's funds at the date of entry of judgment, for injunctive relief as to future contributions and an amount equivalent to such interest, and for his attorney['s] fees and costs.

In a memorandum accompanying his motion, Alman argued that Singer should be jointly and severally liable with Taunton because Singer is an "employer" within the meaning of section 1002(5) of ERISA. Singer filed a cross-motion for summary judgment, arguing that the case against him personally should be dismissed because he himself is not an "employer" under ERISA.

It is the finality of the district court's disposition of these cross-motions for summary judgment that is in dispute in this appeal. The court ruled in favor of Alman, explaining its ruling in a nine-page memorandum. On the second page of the memorandum, the court stated, "The sole issue to be decided here is whether the individual defendant, Singer, is to be held jointly and severally liable for the judgment." The court ultimately answered this question in the affirmative. The memorandum did not discuss the trustee's requests for injunctive relief, interest, attorney's fees, or costs. Nor did it indicate whether Singer was liable to the trustee for the amount of the February 25, 1987, "partial judgment" against Taunton ($63,321.91) or for some other amount. On a separate piece of paper the court wrote the following order:

### ORDER

June 15, 1987

CAFFREY, S.D.J.

In accordance with memorandum filed this date, it is ORDERED:

1. Plaintiff's motion for summary judgment is allowed;

2. Defendant's motion for summary judgment is denied.

On the same date that appeared on the order itself, June 15, 1987, the district court clerk made the following docket entry:

> CAFFREY, SDJ: MEMORANDUM AND ORDER
> ENTERED ... In accordance with memorandum filed this date, it is ORDERED: 1) Plaintiff's motion for Summary Judgment is allowed; 2) Defendant's Motion for Summary Judgment is denied. cc/cl, WEST, Lexis, BMA, CCH, MLW, etc.

Singer filed a notice of appeal from this disposition on July 16, 1987, one day after the 30–day deadline for such a filing. *See* Fed.R.App.P. 4(a)(1). In response to an order from the court of appeals to show cause why the appeal should not be dismissed as untimely, Singer pleaded "inadvertence." The appeal was dismissed on September 3, 1987.

Singer took a new tack on October 14, 1987, filing a motion in the district court asking that court "to set aside the entry of judgment against him on the Clerk's docket in this action [the June 15 judgment] and cause a judgment to be entered in accordance with Rules 58 and 79 of the Federal Rules of Civil Procedure." In a memorandum of law accompanying this filing, Singer argued that the court's June 15 decision was not final under section 1291. The district court denied this motion by marginal notation. It is this ruling of the district court from which the instant appeal is taken.

## II.

Appellant Singer argues that the district court's disposition of June 15, 1987, holding him jointly and severally liable with Taunton for the delinquent fund contributions, was not a "final decision" for the purposes of 28 U.S.C. § 1291.[1] Because the disposition was not final, he contends, the district court erred by denying Singer's October 14

motion to enter a new judgment, the objective of which was to procure an appealable final decision. Singer's challenge to the finality of the decision proceeds on two fronts. To understand his arguments it will be helpful to consider briefly the dual nature of the finality requirement.[2]

Although section 1291 does not by its own terms define "final decision," the Supreme Court has frequently endorsed the following interpretation of the statute: "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Budinich v. Becton Dickinson & Co.,* — U.S. —, 108 S.Ct. 1717, 1720, 100 L.Ed.2d 178 (1988) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). But even a decision that completely disposes of a case's merits can lack finality for the purposes of section 1291 if it fails to comport with the technical dictates of Rules 58 and 79(a) of the Federal Rules of Civil Procedure. *See United States v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973). The pertinent part of Rule 58 states that "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." Rule 79(a), in turn, requires the district court clerk to make an entry on the civil docket "show[ing] the nature of each paper filed or writ issued and the substance of each order or judgment of the court."

Singer claims the district court's disposition was defective in both of these respects: it neither fully disposed of the case's merits nor complied with Rules 58 and 79(a). We turn first to the latter argument.

■ A. Singer claims the district court's cross-reference to its memorandum in the text of the so-called order of June 15,

---

1. The relevant part of the statute provides
   The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States....

2. For the purposes of this appeal, none of the various judicial and statutory modifications of

the final judgment rule are relevant. *See, e.g., Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (collateral orders); 28 U.S.C. § 1292(a)(1) (injunctions); Fed.R.Civ.P. 54(b) (partial judgments).

1987—"In accordance with memorandum filed this date...."—violated Rule 58's requirement that a judgment be set forth on a separate document. We find no merit in this argument. The district court's judgment was in fact set forth on a separate document, as required by Rule 58. *See supra.* There was thus no ambiguity as to the date on which the court performed the judicial act of rendering its decision. And Rule 58, it must be noted, does not by its own terms stipulate the substantive requirements of a judgment. As the Supreme Court has indicated, the primary purpose of the "separate document" requirement is to establish a certain reference point for determining the timeliness of post-judgment motions and appeals. *See Bankers Trust Co. v. Mallis,* 435 U.S. 381, 385, 98 S.Ct. 1117, 1119, 55 L.Ed.2d 357 (1978). *See also Diamond v. McKenzie,* 770 F.2d 225, 232 (D.C.Cir.1985) (Robinson, C.J., concurring) (the separate document requirement attempts to provide a sure answer to "the old, old question of when is a judgment a judgment") (citation omitted). The terms of the order did not, therefore, violate Rule 58.

▪ Singer contends the district court's disposition also ran afoul of Rule 79(a) because the docket entry did not show the "substance" of the court's disposition. We disagree. The docket entry repeated verbatim the text of the order itself. Singer's quarrel with the judgment's substance cannot be brought by way of Rule 79(a), which only requires that the docket entry capture the substance of the order or judgment that was actually rendered by the court. Indeed, both of Singer's arguments about the decision's technical inadequacy suggest that his chief complaint in this appeal is that the district court's disposition on June 15, 1987, did not finally dispose of all the issues in the case. It is thus the nature of the court's action, rather than its form or docketing, that is truly at issue here.[3]

B. In essence, Singer argues that the disposition in question was not final be-cause it was incomplete: it failed to address the trustee's claims for injunctive relief, attorneys' fees, and costs, and it failed to indicate whether Singer was jointly and severally liable to the trustee for the amount of the earlier judgment entered against Taunton, or for some other amount. Plaintiff, on the other hand, insists that the district court's June 15 memorandum and its June 15 order, read together, make two things clear: 1) that the only issue the court was deciding was whether Singer was jointly and severally liable for the amount indicated in the partial judgment against Taunton, and 2) that the court's resolution of the liability issue was meant to dispose of the litigation. Plaintiff cites to the following introductory remark in the district court's memorandum:

> Partial judgment was entered by this Court against Taunton for the delinquent Fund contributions. The sole issue to be decided here is whether the individual defendant, Singer, is to be held jointly and severally liable with Taunton for the judgment.

Plaintiff even goes so far as to say (in his brief) that

> [a]fter entry of the judgment against Taunton in the stipulated sum of $63,-323.91 with interest, the *sole issue then submitted by the parties for adjudication* was whether Singer should be jointly and severally liable for *that* judgment.

(Emphases added.)

▪ While it may be that, from the court's perspective, the only remaining issue left for it to decide was Singer's liability, we do not agree that this was the only issue the parties expected the litigation to resolve. In his own motion for summary judgment, after all, plaintiff asked for

> [1] summary judgment in his favor against [Taunton and Singer] jointly and severally for *all* contributions owed to plaintiff's funds at the *date of entry of judgment,* [2] for injunctive relief as to future contributions and an amount

---

3. *See* C. Wright & A. Miller, 11 *Federal Practice & Procedure* § 2785, at 17 (1973) ("It should be borne in mind that Rule 58 states how a judg-ment should be entered. It does not speak to whether a judgment entered in this fashion is a 'final judgment' for purposes of appeal.").

equivalent to such interest, and [3] for his attorney['s] fees and costs.

(Emphases added.) Clearly, plaintiff wanted more than just a judgment holding Singer jointly and severally liable for the judgment against Taunton. For one thing, the pleading seeks a court injunction, a remedy wholly different than a determination of a monetary liability.[4] Moreover, we read the pleading as also requesting damages in addition to the $63,323.91 awarded in the partial judgment. That judgment specifically described the award therein as "representing an arrears of payment ... which accrued through August 30, 1986." Although the pleading's reference to funds owed "at the date of entry of judgment" is unclear, and can possibly be read as a reference either to the amount owed at the date of the partial judgment or to the amount owed at the date of the court's disposition of the cross-motions for summary judgment, the dates of both of these judgments are later than August 30, 1986. Thus, we have little trouble concluding that plaintiff's summary judgment motion sought an as yet unascertained damages award.

█ Conceivably, the district court's failure to discuss either injunctive relief or the additional damages request could be interpreted as a denial of those claims for relief. See Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 744–45, 96 S.Ct. 1202, 1206–07, 47 L.Ed.2d 435 (1976) (raising the possibility of a similar inference). But such an inference is unwarranted here in light of the district court's ultimate order that "plaintiff's motion for summary judgment is allowed." This unreserved language makes it difficult for us to infer a denial of explicitly requested claims for relief.

In sum, the district court's decision is ambiguous. While we can be sure of what might be called the decision's "floor"—the decision at least holds Singer jointly and severally liable for the amount of the earlier judgment against Taunton—we do not know the decision's "ceiling," i.e., we do not know whether Singer is liable for damages beyond the amount of the earlier judgment, or whether Singer is enjoined to make future contributions.

Because of its ambiguity we conclude that the district court's decision lacked finality under section 1291. The Supreme Court has indicated that such a decision is an inappropriate candidate for appellate review:

The effect of [section 1291] is to disallow appeal from any decision which is tentative, informal or incomplete.... So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal.

Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). An ambiguous decision, certainly, is at once incomplete and inconclusive. Moreover, an ambiguous decision fails to satisfy the Supreme Court's time-honored prescription that a final decision is "one which ends the litigation and leaves nothing for the court to do but execute the judgment." Catlin, 324 U.S. at 233, 65 S.Ct. at 633. No elaboration is necessary to make the point that an ambiguous judgment cannot be executed.

Plaintiff makes the additional argument that we should consider the decision final because the district court "intended" it to be final. Plaintiff seems to think the court intended its decision to be an adjudication that Singer was jointly and severally liable only for the amount of the earlier judgment entered against Taunton. We reject this argument for two reasons. First, we do not think the case law discussing the relevance of a court's intent to the issue of the finality of its decisions, see, e.g., United

4. For finality purposes, it is of no consequence that the district court failed to rule on plaintiff's requests for attorney's fees, costs, and interest. As for costs, Rule 58 explicitly provides that "[e]ntry of the judgment shall not be delayed for the taxing of costs." And the Supreme Court has recently held that a decision on the merits is appealable under section 1291 even if the amount or recoverability of attorney's fees for the litigation remains to be determined. Budinich v. Becton Dickinson & Co., — U.S. —, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). We think the logic of this ruling applies with equal force to an unresolved issue of interest. See id. 108 S.Ct. at 1720 (discussing the "collateral" nature of the fees issue).

States v. Metropolitan District Commission, 847 F.2d 12, 14 (1st Cir.1988), is controlling in a case such as this one, where the court's ruling is ambiguous. *See Turner v. Air Transport Lodge,* 585 F.2d 1180 (2d Cir.1978) (per curiam). Second, we do not share plaintiff's certainty about the district court's intent. While plaintiff's "interpretation" of the decision is not unreasonable, we think it also possible that the court intended to grant all the relief requested by plaintiff, perhaps figuring that the additional relief followed inexorably from its determination of the liability issue. In short, the court's intent is hardly manifest.

Plaintiff also contends that appellant waived his right to contest the decision's finality by filing a notice of appeal therefrom. We cannot accept this contention. True, appellant never raised the finality issue until his appeal from the court's order had been dismissed as untimely. But appellant's initial error could not make a non-final disposition final. Appellant had no right of appeal to waive. Nothing in *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), a case plaintiff relies upon for his waiver thesis, is to the contrary. There could be no waiver.

### III.

In sum, the district court's decision of June 15, 1987, was not a final decision under 28 U.S.C. § 1291. No appeal lay therefrom. The district court thus erred by denying appellant's October 14 motion to render an appropriate final judgment. We vacate that order of denial, and remand for further proceedings not inconsistent herewith. We note that after argument of this appeal this court decided the case of *Massachusetts Laborers' Health & Welfare Fund v. Starrett Paving Corp.,* 845 F.2d 23 (1st Cir.1988). While the issue is not directly before us, it appears that that case may be relevant to the issue of Singer's liability. The district court upon remand should accordingly reconsider its rulings regarding the issue of Singer's liability in light of our decision in that case.

*Vacated and remanded for proceedings not inconsistent herewith.*