United States Court of Appeals,

Fifth Circuit.

No. 93-7108

Summary Calendar.

Dee Ann PEMBERTON, Plaintiff-Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, An Illinois Corporation,
Defendant-Appellant.

Aug. 2, 1993.

Appeal from the United States District Court for the Southern District of Mississippi.

Before GARWOOD, JONES and EMILIO M. GARZA, Circuit Judges.

GARWOOD, Circuit Judge:

In this insurance coverage dispute, defendant-appellant State Farm Mutual Automobile Insurance Company (State Farm) appeals the judgment of the district court holding it liable to plaintiff-appellee Dee Ann Pemberton (Dee), as assignee of Pemberton Oil, Inc., for unstated, but assertedly stipulated, damages on the basis that Pemberton Oil was a named insured in State Farm's insurance policy and did not release its claim against State Farm. We dismiss the appeal for want of a final, appealable judgment.

## Facts and Procedural History

Pemberton Oil was the named insured in an automobile insurance policy issued by State Farm. On October 28, 1989, while Garlon Pemberton (Garlon), the president of Pemberton Oil, was driving one of its automobiles covered by the State Farm policy, with his wife Dee and their two children as passengers, a collision occurred with a vehicle driven by an uninsured motorist. All four Pembertons suffered personal injuries in the accident, Garlon being the most severely injured.

Garlon, Dee, and Pemberton Oil filed claims with State Farm. Garlon and Dee settled their individual claims against State Farm and signed releases in their individual capacities on August 31, 1990, when Garlon apparently owned all the Pemberton Oil stock. Pemberton Oil did not settle its claim with State Farm or sign a release.

Pemberton Oil subsequently assigned its claim against State Farm to Dee. Dee, as assignee of Pemberton Oil, then brought this suit against State Farm on the uninsured motorist provisions of the mentioned State Farm policy, seeking to recover Pemberton Oil's damages resulting from Garlon's inability to work during the time he recovered from the accident. State Farm contended that Dee's individual release released Pemberton Oil's claim, and, alternatively, that Pemberton Oil was not entitled to recover as a covered person under the uninsured motorist provisions of the policy for Garlon's injuries.

Both parties moved for summary judgment. The district court granted Dee's motion for summary judgment holding that State Farm was liable to Dee, as assignee of Pemberton Oil, for Pemberton Oil's damages resulting from Garlon's injuries, but the court did not fix the amount of damages as part of the summary judgment. The district court denied State Farm's motion for summary judgment.

State Farm and Dee then entered into an agreement assertedly stipulating the amount of damages, but reserving State Farm's right to contest liability on appeal. The "Stipulation Agreement" filed in the record does not itself specify or reflect any amount of money (or other) damages, but merely states that "Damages to Pemberton Oil Company, Inc. as a direct proximate result of the vehicular accident that occurred on or about October 28, 1989, have been agreed upon by a separate written stipulation between the parties." No separate written stipulation, which allegedly reflects the agreed upon damages, is in the record. Based on t he filed stipulation, the district court entered a "final judgment," which provides, "it is therefore, ORDERED AND ADJUDGED, that a Final Judgment be entered in favor of the Plaintiff, ... against the defendant, ... in the sum of damages established by written stipulation between the parties, together with all cost for which cost let execution issue." State Farm appeals, claiming that it is not liable to Dee.

**Discussion**

Before reviewing the merits of any dispute, we have a duty, *sua sponte,* to determine whether we have appellate jurisdiction over the matter. *See, e.g., Simmons v. Willcox,* 911 F.2d 1077, 1080 (5th Cir.1990); *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir.1987). Federal appellate jurisdiction

is predicated on federal subject matter jurisdiction over the matter in dispute and the existence of a final judgment or otherwise appealable order under 28 U.S.C. § 1291, 28 U.S.C. § 1292, or Federal Rule of Civil Procedure 54(b).[1]  The rule that only final decisions are appealable is intended to promote judicial economy by preventing multiple appeals in the same case.

To qualify as a final judgment under section 1291, a judgment must constitute a final decision that " "is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Budinich v. Becton Dickinson and Co.,* 486 U.S. 196, 198, 108 S.Ct. 1717, 1720, 100 L.Ed.2d 178 (1988) (quoting *Catlin v. United States,* 324 U.S. 229, 231-35, 65 S.Ct. 631, 633-34, 89 L.Ed. 911 (1945).

In a civil damage suit such as this, a judgment for the plaintiff that determines liability for, but does not fix the amount of, damages is appealable solely under 28 U.S.C. § 1292(b), which requires not only appropriate certification by the district court but also application within ten days to the Court of Appeals and that court's grant, in its discretion, of permission to appeal. *Liberty Mutual Ins. Co. v. Wetzel,* 424 U.S. 737, 742-46, 96 S.Ct. 1202, 1206-07, 47 L.Ed.2d 435 (1976); *Hay v. City of Irving, Texas,* 893 F.2d 796, 800 (5th Cir.1990); *Holmes v. J. Ray McDermott & Co., Inc.,* 682 F.2d 1143, 1145 (5th Cir.1982), overruled on other grounds, *Budinich,* 486 U.S. at 198, 108 S.Ct. at 1720.[2]  Federal Rule of Civil Procedure 54(b) is not available in such a case because it applies only to judgments that dispose of the entirety of one or more claims.  *Liberty Mutual,* 424 U.S. at 742-746, 96 S.Ct. at 1206-1207; *Monument Management Ltd. Partnership I v. City of Pearl,*

---

[1]Jurisdictional barriers to appeal are not waivable by the parties in the way that other barriers, such as the Separate Document rule, are.  Fed.R.Civ.P. 58;  *Simmons,* 911 F.2d at 1080-81 n. 6.

[2]Obviously, the "collateral order" exception of *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and its progeny does not apply in such an instance if for no other reason than the fact that the order or judgment in question clearly *does* determine "an ingredient of the cause of action" and *does "require consideration with it." Id.* at 541, 69 S.Ct. at 1226.  As stated in *Foremost Sales Promotions, Inc. v. Director, Bureau of Alcohol, Tobacco and Firearms,* 812 F.2d 1044, 1046 (7th Cir.1987), in the context of appealability, albeit not in direct reference to the "collateral order" exception, "[t]he disposition of the merits is not segregable from the award of relief."

Sections 1292(a) and (c) make exceptions to the finality rule stated in the text for orders granting or refusing injunctions, and certain orders in receivership, admiralty, and patent cases.  None of these exceptions are applicable here.

*Miss.,* 952 F.2d 883, 885 (5th Cir.1992); *Rudd Construction Equipment Co., Inc. v. The Home Insurance Co.,* 711 F.2d 54, 56 (6th Cir.1983). Here the district court did not purport to certify under section 1292(b), but even if it had, an appeal on that basis would be unavailing because no timely application for leave to appeal was made to this Court (and we have not granted leave to appeal). *Liberty Mutual,* 424 U.S. at 744, 96 S.Ct. at 1207.

In making its determination of damages, a court may incorporate other documents by reference in its judgment in lieu of describing the entirety of relief granted in the judgment itself.[3] *United States v. Brook Contracting Corp.,* 759 F.2d 320, 323 (3rd Cir.1985) (although judgment did not specify amount of damages, judgment final because amount of damages determinable from complaint and other pleadings in the case). *See United States v. Perez,* 736 F.2d 236, 38 (5th Cir.1984) (judgment may incorporate magistrate's reasons and still be a final judgment). *See also Barnett v. Petro-Tex Chemical Corp.,* 893 F.2d 800, 803 (5th Cir.1990), *cert. denied,* 497 U.S. 1025, 110 S.Ct. 3274, 111 L.Ed.2d 784 (1990) (judgment not ambiguous so no need to remand); *Hattersley v. Bollt,* 512 F.2d 209, 213-14 (3d Cir.1975) (judgment final because amount of damages determinable from opinion). *Compare Alman v. Taunton Sportswear Manufacturing Corp.,* 857 F.2d 840, 844 (1st Cir.1988) (summary judgment for plaintiffs that did not mention scope of relief ambiguous and not final or appealable).

To validly incorporate documents by reference into a judgment, the documents themselves must be in the record of the case or, at the very least, be elsewhere a matter of public record. Otherwise, it would be impossible for a judgment to be enforceable or appealable because there would be no way for the Court of Appeals or t he marshal to know the quantum or type of relief ordered and because third parties would not be placed on notice of the effect of the judgment.[4] *See Alman,* 857 F.2d at 844 (judgment ambiguous and not appealable where relief not determinable).

In this case, the district court attempted to specify the relief granted only by referring to the

---

[3]When a judgment is only for money damages, the judgment itself should specify the specific amount of damages so that the judgment may be properly enforced.

[4]For example, a third-party creditor would be unable to determine her rights against a debtor where the judgment creditor's judgment does not specify the relief granted.

stipulation of the parties. The judgment does not itself specify any damages or amount of money, but merely refers to the written stipulation for the type and amount of damages, stating that Dee is awarded "the sum of damages established by written stipulation between the parties, ..." However, this written stipulation, which is in the record, does not specify the damages. It merely refers to *another* "written stipulation between the parties"—which is *not* of record or otherwise identified—in which they have "agreed upon" the "[d]amages to Pemberton Oil Company, Inc. as a direct proximate result of the vehicular accident."[5] Not only was this latter stipulation never filed herein, there is nothing to indicate it was ever filed in any other public or official place or that there is any agreement to file it. There is nothing in the record to indicate that this latter, unfiled stipulation was ever seen by the district judge or that he was otherwise aware of what damages it provided for or of any of its contents (save as reflected by the filed stipulation).[6] We also observe that the judgment does not provide for execution except for costs. Thus, even with the judgment and the entire record in this case, we cannot determine what relief was ordered below. Since the relief ordered is not determinable from the judgment or from the record, the judgment is ambiguous, incomplete, and nonfinal. *See Alman,* 857 F.2d at 844 (that the district court intended its judgment to be final does not make it final). Because the judgment below was not a final judgment, we lack appellate jurisdiction.

## Conclusion

Because the judgment appealed from was not final, we lack jurisdiction to consider State Farm's appeal at this time. Accordingly, State Farm's appeal is

DISMISSED.[7]

---

[5]The record contains no indication why this strange procedure was followed.

[6]For all we know—and, so far as we can tell, for all the district court knew—the unfiled stipulation might provide for the damages to be a dollar amount to be fixed by some third party, or by reference to the price of gold at some future time, or the like. Indeed, it is not wholly clear that any one specific dollar figure is unconditionally specified in the unfiled stipulation.

[7]We cannot remand the case to allow the district court to enter a final judgment since we lack jurisdiction. *Foremost,* 812 F.2d at 1046.