33 F.3d 985
 Eugene LITTLEWIND, Appellee,
v.
Richard RAYL, Director of Security, North Dakota State
Penitentiary; Terry Haines, Warden of North Dakota State
Penitentiary; Bob Coad, Director of Security, North Dakota
State Penitentiary; Cordell Stromme, North Dakota State
Penitentiary staff person; Daryle Fisher, North Dakota
State Penitentiary staff person; Bill Wilz; Linda Leuwer,
North Dakota State Penitentiary staff person; Stan Cadotte,
North Dakota State Penitentiary staff person, Appellants.
 No. 93-3759.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 16, 1994.
Decided Aug. 29, 1994.
Rehearing Denied Oct. 4, 1994.
 
 William G. Peterson, Bismarck, ND, argued (JoAnn C. Toth, on the brief), for appellants.
 Donald R. Becker, Fargo, ND, argued for appellee.
 Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and BEAM, Circuit Judge.
 ROSS, Senior Circuit Judge.
 
 
 1
 On April 5, 1988, Eugene Littlewind and three other inmates at the North Dakota State Penitentiary assaulted a prison guard. Littlewind was thereafter restrained naked for approximately seven hours in four-point restraint, twenty-three hours in three-point restraint, and seven days in handcuffs and leg irons. During this time, Littlewind was denied clothing or a toothbrush for six days and was denied even a blanket for two days.
 
 
 2
 Littlewind filed a 42 U.S.C. Sec. 1983 action claiming, among other things, that the corrections officers caused him to suffer cruel and unusual punishment by restraining him and subjecting him to certain conditions in violation of his Eighth Amendment rights. On April 20, 1992, an order was entered by the district court denying in part and granting in part the defendants' motion for judgment on the pleadings. The order adopted the report and recommendation of the magistrate judge which concluded, among other things, that the defendants were not entitled to a qualified immunity defense on the Eighth Amendment claim. The defendants did not appeal this decision. Following trial, a jury found in favor of all the defendants. The district court, however, subsequently granted Littlewind's motion for judgment as a matter of law against all of the defendants and ordered a new trial on the issue of damages and a conditional new trial if the judgment as a matter of law is reversed on appeal. 839 F.Supp. 1369. An appeal was then taken to this court.
 
 
 3
 Under 28 U.S.C. Sec. 1291, courts of appeal have jurisdiction to hear appeals only from "final decisions" of the district courts. A final decision generally is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945); United States v. Pan American Mgt. Co., 789 F.2d 632, 636 (8th Cir.1986). There is a well recognized exception to the final decision requirement, however, when an interlocutory appeal is made by a public official on the basis of qualified immunity. Mitchell v. Forsyth, 472 U.S. 511, 526-27, 105 S.Ct. 2806, 2815-16, 86 L.Ed.2d 411 (1985); Jones v. Coonce, 7 F.3d 1359, 1365 (8th Cir.1993). Despite the absence of a final order, appellate jurisdiction is conferred in cases involving qualified immunity to protect government officials not only from liability for their actions but from the cost and inconvenience of having to defend an action through trial.
 
 
 4
 Here, following a full trial to a jury, the district court granted Littlewind's motion for judgment as a matter of law, but at the same time ordered a new trial on the issue of damages. It is well established and the parties herein agree that generally an order granting judgment as a matter of law on liability and ordering a new trial on the issue of damages is not a final, appealable order. See Herold v. Burlington Northern, Inc., 761 F.2d 1241, 1249-50 (8th Cir.), cert. denied, 474 U.S. 888, 106 S.Ct. 208, 88 L.Ed.2d 177 (1985). The defendants now contend, however, that the existence of the qualified immunity defense falls within the exception to the section 1291 final decision requirement and provides this court with jurisdiction to consider not only the qualified immunity issue but the merits of their claims as well. See Jones v. Coonce, supra, 7 F.3d at 1365. Based on the particular circumstances of this case, we disagree.
 
 
 5
 We acknowledge that defendants were not required to file an immediate interlocutory appeal from the April 20, 1992 pretrial order denying their qualified immunity defense in order to preserve the qualified immunity issue on appeal. See McIntosh v. Weinberger, 810 F.2d 1411, 1431 n. 7 (8th Cir.1987), vacated and remanded on other grounds sub nom. Turner v. McIntosh, 487 U.S. 1212, 108 S.Ct. 2861, 101 L.Ed.2d 898, and cert. denied, 487 U.S. 1217, 108 S.Ct. 2870, 101 L.Ed.2d 905 (1988); see also Matherne v. Wilson, 851 F.2d 752, 756 (5th Cir.1988). However, their decision not to file an interlocutory appeal at the time of the April 20, 1992 order, coupled with their failure to include the qualified immunity issue in either their notice of appeal or statement of issues on appeal demonstrates the incidental nature of this issue. Instead, the defendants' effort to assert a qualified immunity defense now appears to be a last ditch attempt to revive the appeal in order to have this court consider the substance of their claims. We note that even if the qualified immunity issue were properly raised in this appeal, we would not make an unlimited review of the merits as sought by the defendants herein. Instead, our review of the merits would be limited to the extent there is a question of law closely related to the qualified immunity issue. Jones v. Coonce, supra, 7 F.3d at 1365.
 
 
 6
 We conclude that the district court's decision is not a final, appealable order and that based on the circumstances of this case the defendants have waived their opportunity to assert an interlocutory appeal on the qualified immunity claim. Accordingly, we find no appellate jurisdiction and remand the case to the district court until a final judgment is entered.