910 F.Supp. 460 (1995)
Sandra C. PARKER, Individually and as next friend of Dana M. Parker, and Dana M. Parker, Plaintiffs,
v.
Anne-Marie CLARKE, Charles E. Mischeaux, Matthew J. Padberg, Robert T. Haar, Rodney Boyer, Dan Dell, Joseph Richardson, Simon Risk, Terrence Sloan and Multi-Media KSDK, Inc., Defendants.
No. 4:94CV1693-DJS.
United States District Court, E.D. Missouri, Eastern Division.
November 6, 1995.
*461 Frank Susman, Susman and Schermer, St. Louis, MO, for Sandra C. Parker and Dana Parker.
Rebecca C. Steward, St. Louis City Counselor Office, St. Louis, MO, for Anne-Marie Clarke, Charles E. Mischeaux, Matthew J. Padberg, Robert T. Haar, Rodney Boyer, Dan Dell, Joseph Richardson and Simon Risk.
Gerald R. Ortbals, Managing Partner, Mary Ann L. Wymore, Greensfelder and Hemker, St. Louis, MO, for Multi-Media KSDK, Inc.

ORDER
STOHR, District Judge.
On October 31, 1995, the Court entered an order and partial summary judgment in which the Court determined as a matter of law that defendants Boyer, Dell and Risk were liable to plaintiffs on their Fourth Amendment claims under 42 U.S.C. § 1983, and that all defendants were entitled to judgment as a matter of law as to all of plaintiffs' remaining claims under § 1983. Defendants Boyer, Dell and Risk have now filed a motion "for certification of judgment as final for purposes of appeal, for clarification of the Court's order and for a stay of proceedings."
In Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985), the Supreme Court held that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable `final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."[1] To the extent defendants seek clarification of the Court's October 31 order, the Court now makes explicit what was clear but implicit in the Court's rationale and rulings: the Court deliberately but impliedly rejected the qualified immunity defense asserted by defendants Boyer, Dell and Risk when it denied in part their motion for summary judgment and granted in part plaintiffs' motion for summary judgment.
*462 The instant motion expresses Boyer, Dell and Risk's intention to immediately appeal the denial of qualified immunity. Although such an appeal has commonly been referred to as an "interlocutory" appeal, the Supreme Court's holding in Mitchell refers to § 1291, which provides for appeals of final decisions, rather than to § 1292, which governs appeals from interlocutory decisions. As such, the appeal concerning qualified immunity does not require the district court's certification, as does a true interlocutory appeal pursuant to § 1292(b). See, e.g., Swint v. Chambers County Commission, ___ U.S. ___, ___ - ___, 115 S.Ct. 1203, 1209-10, 131 L.Ed.2d 60 (1995) [contrasting appeal as of right under § 1291 with permissive interlocutory appeal under § 1292(b)]. Although the qualified immunity claim is not waived by defendants' failure to take an immediate appeal, see Littlewind v. Rayl, 33 F.3d 985, 986 (8th Cir.1994) and McIntosh v. Weinberger, 810 F.2d 1411, 1431 n. 7 (8th Cir.1987), the appeal of this issue is now available as a matter of right.
Boyer, Dell and Risk also ask the Court to certify as final for purposes of appeal, pursuant to Fed.R.Civ.P. 54(b), the grant of partial summary judgment against them on the Fourth Amendment claims asserted in Counts I and V. Summary judgment as to liability only, without a determination of damages, does not allow entry of final judgment on the underlying claims; Rule 54(b) therefore cannot be applied to allow appeal of this determination. See Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 744, 96 S.Ct. 1202, 1206-1207, 47 L.Ed.2d 435 (1976); Pemberton v. State Farm Mutual Auto. Ins., 996 F.2d 789, 791 (5th Cir.1993). Instead:
[A] judgment for the plaintiff that determines liability for, but does not fix the amount of, damages is appealable solely under 28 U.S.C. § 1292(b), which requires not only appropriate certification by the district court but also application within ten days to the Court of Appeals and that court's grant, in its discretion, of permission to appeal.
Pemberton, 996 F.2d at 791.
The Court will construe the motion as seeking certification for interlocutory appeal of the adverse summary judgment determination under § 1292(b). The Court finds, pursuant to § 1292(b), that its summary judgment determination against defendants Boyer, Dell and Risk involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal of this determination may materially advance the ultimate termination of the litigation. On the facts of this case, the substantive Fourth Amendment issue presented is a question of first impression in the Eighth Circuit, satisfying the substantive predicate of the § 1292(b) standard. As for the procedural predicate, in view of the appeal as of right on the qualified immunity issue available to defendants Boyer, Dell and Risk, and the other dispositive determinations dealt with below pursuant to Rule 54(b), this § 1292(b) certification advances the ultimate disposition of the litigation by allowing a unitary appeal of the Court's substantive determinations as to liability. In view of the global nature of the appeals to be taken, the Court will also order pursuant to § 1292(b) that all district court proceedings be stayed during the pendency of the appeals.
Also before the Court is plaintiffs' motion pursuant to Rule 54(b) for certification of the Court's ruling in favor of defendant Multi-Media KSDK, Inc. on Counts III and VII of the second amended complaint. The Court's entry of judgment as a matter of law in favor of KSDK on plaintiffs' § 1983 claims is a final determination of the rights and liabilities of both plaintiffs and KSDK on these claims. This determination is, therefore, suitable for application of Rule 54(b), pursuant to which the Court here expressly determines that there exists no just reason for delay as to any appeal. The Court has already entered final judgment on these claims, in the third paragraph of its partial summary judgment of October 31, 1995, but to the extent necessary to satisfy Rule 54(b), here directs that this judgment be construed as final for purposes of appeal.
The Court's October 31 order and partial judgment also finally determined, in favor of defendants, plaintiffs' § 1983 claims against *463 the members of the Police Board and against Lt. Richardson and Sgt. Sloan, and as against defendants Boyer, Dell and Risk on all theories other than the Fourth Amendment. As alluded to above, the Court will take steps to render these determinations final and appealable pursuant to Rule 54(b) as well, so as to allow all of the Court's liability determinations to be appealed at one time. The Court finds that there is no just reason for delay in treating these determinations as final and appealable, and hereby directs that the October 31 entry of summary judgment in defendants' favor, found in the second paragraph of the partial summary judgment, be deemed the entry of final judgment as to these claims.
Finally, on page 3 of its October 31 order, in its recitation of facts undisputed for purposes of the motions for summary judgment, the Court stated that "[t]wo weapons and several quantities of cocaine, in both rock and powder forms" were seized by the police during the search at issue in this case. The Court notes that page one of the narrative police report refers to the seizure of "two white baggies consisting of a white powdery substance believed by [defendant Boyer] to be powdered cocaine" and "two small baggies containing numerous off-white chunks of a substance believed to be `crack' cocaine." Pursuant to Fed.R.Civ.P. 60(a), the Court will amend the language of page 3 of the order to read: "[t]wo weapons and several substances believed to be cocaine, in both rock and powder forms...."[*]
Accordingly,
IT IS HEREBY ORDERED that the motion of defendants Boyer, Dell and Risk for certification of judgment as final for purposes of appeal is construed as a motion for certification pursuant to 28 U.S.C. § 1292(b) and is granted.
IT IS FURTHER ORDERED that the motion of defendants Boyer, Dell and Risk for clarification of the Court's order of October 31, 1995 is granted, and the Court here makes explicit that its partial denial of their motion for summary judgment was premised on its rejection of their qualified immunity defense.
IT IS FURTHER ORDERED, pursuant to 28 U.S.C. § 1292(b), that the October 31, 1995 entry of partial summary judgment in favor of plaintiffs and against defendants Boyer, Dell and Risk on Counts I and V is certified for interlocutory appeal, based on the Court's finding that this determination involves controlling questions of law as to which there is substantial ground for difference of opinion, and that an immediate appeal of this determination may materially advance the ultimate termination of the litigation.
IT IS FURTHER ORDERED that plaintiffs' motion for an express determination of final judgment pursuant to Fed.R.Civ.P. 54(b) is granted.
IT IS FURTHER ORDERED, pursuant to Fed.R.Civ.P. 54(b), that the October 31, 1995 entry of summary judgment in favor of defendants Clarke, Mischeaux, Padberg, Haar, Boyer, Dell, Richardson, Risk and Sloan as to the remainder of Counts I and V, and in favor of defendant Multi-Media KSDK, Inc. on Counts III and VII, are final and appealable, based on the Court's determination that there is no just reason for delay and that these portions of the October 31, 1995 partial summary judgment be entered as final judgment on these claims.
IT IS FURTHER ORDERED, pursuant to 28 U.S.C. § 1292(b), that all proceedings in this Court shall be stayed pending the appeals taken pursuant to this order.
IT IS FURTHER ORDERED that the November 6, 1995 trial setting is vacated, and any motions which remain pending are denied without prejudice to be refiled following the lifting of the stay pending appeal.
IT IS FURTHER ORDERED, pursuant to Fed.R.Civ.P. 60(a), that on page 3 of the Court's October 31, 1995 order, the fourth sentence of the second paragraph is amended nunc pro tunc to read: "Two weapons and several substances believed to be cocaine, in *464 both rock and powder forms, were seized during the search."
NOTES
[1] The Court's qualified immunity determination in this case is entirely an issue of law, and not based on a determination concerning the existence of disputed facts for trial, the latter of which would not be immediately appealable under the Supreme Court's recent ruling in Johnson v. Jones, ___ U.S. ___, ___, 115 S.Ct. 2151, 2159, 132 L.Ed.2d 238 (1995).
[*] Editor's Note: Correction incorporated in October 31, 1995 order as reported at 905 F.Supp. 638.