Marilyn PRICE, Guardian Ad Litem for Lohren Price, Cheryl Mason, Guardian Ad Litem for Daniel Mason, and Nicole Cramer, Guardian Ad Litem for Nicholas Cramer, Plaintiffs–Appellees,

v.

Albert KRAMER, Stephen D'Anjou, Joseph Deladurantey, and City of Torrance, Defendants–Appellants.

Nos. 97–56580, 98–55484.

D.C. No. CV–94–6506–JSL.

United States Court of Appeals, Ninth Circuit.

Feb. 22, 2000.

Before D.W. NELSON, REINHARDT, and TROTT, Circuit Judges.

ORDER

The panel has voted unanimously to deny appellants' petition for rehearing, for reasons explained in part in the MEMORANDUM set forth below.

The full court has been advised of the petition for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

Accordingly, the petition for rehearing and the petition for rehearing en banc are DENIED.

MEMORANDUM [1]

In their Petition for Rehearing (PFR), the appellants mischaracterize our opinion so that it appears we disagree with the general rule—as articulated in other federal circuits—that an interlocutory appeal on the issue of qualified immunity is mandatory not permissive. On the contrary, our decision is fully consistent with the PFR's claim that the appropriate rule to apply is: "an interlocutory appeal from an adverse pretrial ruling on qualified immunity is permissive, not mandatory, and the *issue* is not waived in a later appeal." *See* PFR at ii (emphasis added); *see also Littlewind v. Rayl,* 33 F.3d 985, 987 (8th Cir.1994) ("We acknowledge that defendants were not required to file an immediate interlocutory appeal from the ... pretrial order denying their qualified immunity defense in order to preserve the qualified immunity *issue* on appeal.") (emphasis added); *Exchange Nat'l Bank of Chicago v. Daniels,* 763 F.2d 286, 290 (7th Cir.1985) ("It does not follow that the failure to appeal from whichever order is entered first forecloses the aggrieved party from raising all of the *issues* on appeal from the final judgment at the end of the case.") (emphasis added). In line with *all* these statements, we held that the *issue* of qualified immunity can be appealed from the final judgment even though the defendants did not take an interlocutory appeal. Indeed, Part II of the opinion is dedicated to the merits of the qualified immunity issue, as an appeal from the final judgment.

In our opinion, we differed, however, with appellants' suggestion that the summary judgment *order,* as opposed to the qualified immunity *issue,* is reviewable after the final judgment—i.e., that the Court of Appeals should review the pretrial denial of qualified immunity on the basis of the evidentiary record at the time of summary judgment. We held that the qualified immunity *issue* is reviewed on the basis of the full record prior to *final* judgment and

1. This memorandum, like the order itself, is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

not on the limited record that existed at the time of summary judgment.

The general rule that following trial and final judgment we review the qualified immunity issue on the basis of the full record only, and not on the basis of the record at the time of summary judgment is set forth unequivocally and plainly in 15A Wright, Miller & Cooper, *Federal Practice and Procedure* § 3911 (2d ed.1992). The general rule—and the rule we applied—is as follows:

> Failure to appeal pretrial denial of a motion for summary judgment based on official immunity, for example, may be followed by a trial that produces information different from the information made available on the summary judgment motion. *Review after trial should be based on the sufficiency of the evidence at trial, not the sufficiency of the evidence on the summary judgment record.*

*Id.* at § 3911 n. 80 (emphasis added). The general rule is, of course, entirely consistent with the rule that applies in the cases of all denials of summary judgment: "the denial of a motion for summary judgment is not reviewable on an appeal from a final judgment entered after a full trial on the merits." *Locricchio v. Legal Servs. Corp.*, 833 F.2d 1352, 1359 (9th Cir.1987); *see also id.* (explaining that failure to adopt this rule would unjustly "deprive a party of a jury verdict after the evidence was fully presented, on the basis of an appellate court's review of whether the pleadings and affidavits at the time of the summary judgment motion demonstrated the need for a trial"); *Lum v. City and County of Honolulu*, 963 F.2d 1167, 1170 (9th Cir. 1992). The appellants' contention that we disregarded the general rule is without merit.