# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 28, 2010

No. 09-20754
Summary Calendar

Lyle W. Cayce
Clerk

RUBY ROBINSON COMPANY, INCORPORATED,

Plaintiff - Appellee,

v.

KALIL FRESH MARKETING INC.,  doing business as HOUSTON'S FINEST
PRODUCE COMPANY,  JOHN KALIL, BRYAN HERR, SAMUEL PETRO,
JR., MIKE PETRO, and QUALITY BANANA COMPANY,

Defendants-Appellees,

v.

SUN VALLEY PRODUCE COMPANY, INC.; CLASSIC SALADS, L.L.C.,

Intervenor Plaintiffs - Appellants,

v.

C.H. ROBINSON COMPANY, DEL MONTE FRESH PRODUCE N.A.,
INCORPORATED, AMEGY BANK NATIONAL ASSOCIATION, DAVID L.
BRUNE, doing business as C & D PRODUCE, MONTEREY MUSHROOMS,
INCORPORATED, SOUTHERN SPECIALTIES, INCORPORATED,
NATURIPE FARMS, INCORPORATED, CAPURRO MARKETING, L.L.C.,
GROWERS EXPRESS, L.L.C., RELIABLE PRODUCE SOURCING, L.L.C.,
DAYKA & HACKETT, L.L.C., FIELD FRESH FARMS, L.L.C.,
CHRISTOPHER RANCH, L.L.C., DRISCOLL STRAWBERRY ASSOCIATES,
INCORPORATED, COLORFUL HARVEST, L.L.C., CORONA-COLLEGE
HEIGHTS ORANGE & LEMON ASSOCIATION, BABE FARMS,

No. 09-20754

INCORPORATED, ROMAS "R" US, INCORPORATED, TUTULI PRODUCE
INTERNATIONAL COMPANY, BROTHERS PRODUCE INCORPORATED,
GEMCO, INCORPORATED, R.C. PRODUCE CO., INCORPORATED, J.
LUNA PRODUCE CO., INCORPORATED, MURPHY TOMATO CO.,
INCORPORATED, RIVERA FRESH PRODUCE, INCORPORATED,
MEXICAN HARVEST CORPORATION, WESTERN MISSOURI FRUIT
SALES INCORPORATED, CHIQUITA FRESH NORTH AMERICA, L.L.C.,
COOSEMANS HOUSTON, INCORPORATED, DIMARE FRESH,
INCORPORATED, GREENLINE FOODS, INCORPORATED, SEMINOLE
PRODUCE DISTRIBUTING CO., INCORPORATED, THIRD COAST
PRODUCE COMPANY, LIMITED, AMERIFRESH, INCORPORATED,
BILLINGSLEY PRODUCE SALES, INCORPORATED, FRU-VEG
MARKETING, INCORPORATED, HARVEST FRESH GROWERS,
INCORPORATED, HOUSTON CALCO, INCORPORATED, HURSTS BERRY
FARMS, INTEGRITY DISTRIBUTION SERVICES, L.L.C., LAWRENCE
DISTRIBUTING CO., INCORPORATED, POTANDON PRODUCE, L.L.C.,
CALIFORNIA SPECIALTY PRODUCE, INCORPORATED, NATUREBEST
PRE-CUT & PRODUCE L.L.C., PACIFIC SUN DISTRIBUTING,
INCORPORATED, J NATIONAL FOOD PRODUCTS, INCORPORATED,
also known as NATIONAL FOOD PRODUCTS, INCORPORATED,

Intervenors  Plaintiffs - Appellees.

---

Appeal from United States District Court
for the Southern District of Texas;
U.S.D.C. No. 08CV199

---

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellants Sun Valley Produce, Inc., and Classic Salads, L.L.C., appeal
the district court's denial of their Motion to Enlarge Time and for Leave to File
PACA Proofs of Claim Instanter ("Motion to Enlarge Time").  Because we lack

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-20754

jurisdiction over the Appellants' interlocutory appeal,[1] we deny the appeal and remand the case to the district court.

This case arose out of the Defendant-Appellee Houston's Finest's inability to pay for produce purchased from a number of its suppliers. On January 16, 2008, Plaintiff-Appellee Ruby Robinson Co., Inc. filed a complaint in the district court against Defendants Kalil Fresh Marketing, Inc., d/b/a Houston's Finest Produce Company ("Houston's Finest"), John Kalil, Bryan Herr, and Samuel Petro seeking payment for produce under the trust provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c). Counsel for Appellant Sun Valley Produce Company, Inc. ("Sun Valley") filed a Notice of Appearance on January 28, 2008, and a motion to intervene in the action on January 29, 2008. Because Houston's Finest had a limited pool of assets, all of the suppliers, including Appellants' counsel, stipulated to an order establishing a procedure for identifying, liquidating and distributing the PACA trust assets to the qualified PACA Trust Beneficiaries. The district court entered this Order on January 7, 2009. Pursuant to the district court's January 7th Order, all suppliers were required to file a PACA Proof of Claim on or before February 27, 2009.

Appellants failed to file their PACA Proof of Claim. During the eight months that followed the February 27th deadline, forty-eight other suppliers filed their complaints, answers, objections and declarations, all of which were served on all parties (including Appellants' counsel). Then, on October 29, 2009, more than eight months after the deadline to file claims, the Appellants filed their Motion to Enlarge Time to file their PACA claim, as well as their objections to the distribution of PACA trust assets.

---

[1] We must examine the basis of our jurisdiction on our own motion if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).

3

No. 09-20754

On November 3, 2009, the district court denied Appellants' request to enlarge the time for filing a PACA claim and overruled Appellants' objections to distribution. Appellants immediately appealed from the rulings of the district court.

This Court is without jurisdiction over the Appellants' appeal. *See Pemberton v. State Farm Mut. Auto. Ins. Co.*, 996 F.2d 789, 791 (5th Cir. 1993) ("Federal appellate jurisdiction is predicated on federal subject matter jurisdiction over the matter in dispute and the existence of a final judgment or otherwise appealable order under 28 U.S.C. § 1291, 28 U.S.C. § 1292, or Federal Rule of Civil Procedure 54(b)."). "The rule that only final decisions are appealable is intended to promote judicial economy by preventing multiple appeals in the same case." *Id.* Consequently, this Court lacks jurisdiction over the Appellants' appeal because the appeal is not from a final order, but rather, arises from an unappealable interlocutory order.[2]

Appellants, however, assert that 28 U.S.C. § 1292(a)(2) vests this Court with jurisdiction. Appellants' assertion is without merit since Congress limited Secion 1292(a)(2)'s jurisdictional grant to "[i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." *See also*, *Warren v. Bergeron*, 831 F.2d 101, 103 (5th Cir. 1987) ("Congress decided to make interlocutory orders appointing receivers appealable."). The district court's denial of Appellants' Motion to Enlarge Time does not constitute an order "appointing [a] receive[r]" nor can it be understood

---

[2] We note that the district court did not issue a 28 U.S.C. § 1292(b) certificate authorizing an interlocutory appeal for our discretionary acceptance.

No. 09-20754

as "refusing orders to wind up [a] receivershi[p]."  *See* 28 U.S.C. § 1292(a)(2). This appeal is in no way related to a receivership.[3]

Furthermore, Appellants cite no authority for the application of § 1292(a)(2)'s appellate jurisdiction over district court orders denying motions to enlarge time to file objections or claims— and we know of none.  Consequently, we decline the opportunity to extend § 1292(a)(2)'s application beyond the boundaries clearly delineated by Congress.

Accordingly, the Appellants' appeal is DISMISSED for lack of jurisdiction and the case is remanded to the district court for further proceedings.

---

[3] We note that the Appellants do not argue that their appeal in any way involves a receivership.