Alex A. MASON, Appellant,

v.

Michael GROOSE, Appellee.

No. 90–2644.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1991.

Decided Aug. 20, 1991.

Rehearing and Rehearing En Banc
Denied Sept. 27, 1991.

Howard B. Eisenberg, Carbondale, Ill., for appellant.

William J. Bryan, Jefferson City, Mo., for appellee.

Before JOHN R. GIBSON and LOKEN, Circuit Judges, and URBOM,* Senior District Judge.

URBOM, Senior District Judge.

Alex A. Mason appeals from the judgment of the district court[1] denying his petition for writ of habeas corpus brought under 28 U.S.C. § 2254 (1988). He argues that the erroneous introduction of certain evidence at his trial constituted a denial of due process of law warranting habeas relief. However, the merits of the appellant's appeal need not be addressed, as the appeal must be dismissed on procedural grounds.

On August 8, 1990, the district court denied the appellant's petition for writ of habeas corpus. On September 14, 1990, the appellant submitted a voluminous document entitled "Motion for Leave to Proceed in Forma Pauperis for the Filing of Appeal, and for Issurance [sic] of Certificate of Probable Cause." In this document, the appellant claimed "that the herein motion for filing of an appeal is timely." The district court summarily granted leave to file a notice of appeal and apparently treated it as a timely filed notice of appeal.

The appellee contends Mason's notice of appeal was untimely, as it was filed more than 30 days after the entry of the final judgment, contrary to Fed.R.App.P. 4(a)(1). The appellee further argues that the exception provided by Rule 4(a)(5) has no application here, because the appellant neither requested an extension of time within which to file his notice of appeal nor al-

---

* The HONORABLE WARREN K. URBOM, Senior United States District Judge for the District of Nebraska, sitting by designation.

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

leged excusable neglect or good cause in support of such an extension.

In reply, the appellant argues that the notice of appeal was, in fact, premature because no final judgment had been entered by the district court as required by Fed.R.Civ.P. 58. We do not agree.

■ In *Sanders v. Clemco Industries,* 862 F.2d 161, 166 (8th Cir.1988), this court held that Rule 58 required all final judgments to be made on a separate document rather than in a "unitary" memorandum and order. This rule has been applied consistently throughout the circuits. *See, e.g., United States v. Woods,* 885 F.2d 352, 353 (6th Cir.1989) (Rule 58 not satisfied where district court entered judgment by writing in the margin of the government's motion for summary judgment); *Mitchell v. Idaho,* 814 F.2d 1404, 1405 (9th Cir.1987) (entry of eight-page memorandum opinion and order, containing facts, law, and reasoning, did not satisfy Rule 58).

■ However, contrary to the appellant's assertion, compliance with Rule 58 is not impaired when, as in the present case, the separate document is entitled "order" rather than "judgment" and contains reference to an accompanying document.[2] *Alman v. Taunton Sportswear Mfg. Corp.,* 857 F.2d 840 (1st Cir.1988) (Rule 58 satisfied where final judgment was entitled "order" and was issued "in accordance with memorandum filed this date"). The final order entered by Judge Gunn in this case satisfied the separate document requirement of Rule 58 and was sufficient to trigger the time-limitation of Rule 4(a)(1).

Having determined that a final judgment was entered, we conclude that the notice of appeal was untimely. An appellant may, by formal motion and upon a showing of excusable neglect, obtain an extension of time beyond the initial 30-day period within which to file a notice of appeal. Fed.

R.App.P. 4(a)(5). Such a request, if filed after the running of the initial period, must be in the form of a formal motion with notice provided to the other parties. *Id.* and advisory committee's note on 1979 amendment to Rule 4(a)(5).

■ In the present case, the district court apparently deemed the appellant's motion to proceed in forma pauperis as a formal motion for an extension of time. However, the court's immediate resolution of the motion, as though it were an ex parte motion, was contrary to Rule 4(a)(5). Although a certificate of service attached to the motion states it was served on the appellee, the court granted the motion on the same day it was received. It is clear that the appellee had no effective opportunity to oppose the untimely filing of the notice of appeal. This court recently held that "[i]n the absence of notice of the motion, the district court lacks jurisdiction to extend the time for appeal." *Hable v. Pairolero,* 915 F.2d 394, 395 (8th Cir.1990).

The motion was also deficient for the purpose utilized, as it neither requested an extension of time nor revealed circumstances to support a finding of excusable neglect. *See also Malone v. Avenenti,* 850 F.2d 569, 572–73 (9th Cir.1988) (cited with approval in *Hable v. Pairolero,* 915 F.2d at 395).

The district court's denial of the writ of habeas corpus will not be disturbed. The appeal is dismissed for lack of jurisdiction.

---

2. In the present case, the document in question read as follows:

              **ORDER**

    Upon consideration of the Report and Recommendation of the Honorable Carol E. Jackson, United States Magistrate, and petitioner's objections thereto,

    IT IS HEREBY ORDERED that the Magistrate's Report and Recommendation be and the same is sustained, adopted and incorporated herein. Accordingly,

    IT IS FURTHER ORDERED that petitioner's request for a writ of habeas corpus shall be and it is denied.