United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1193

_____

United States of America,           *
                                    *
          Appellee,                 *
                                    *
     v.                             *   Appeal   from   the   United   States
District
                                    *   Court for the District of Nebraska.
Jose Del Toro-Aguilera,             *
                                    *
          Appellant.                *

_____

Submitted: September 12, 1997

Filed: March 5, 1998

_____

Before McMILLIAN, ROSS and HANSEN, Circuit Judges.

_____

ROSS, Circuit Judge.

     Jose Del Toro-Aguilera (Del Toro) appeals from a judgment entered in
the district court following his conviction and sentencing for conspiracy
to distribute and  possession with the intent to distribute methamphetamine
in violation of  21 U.S.C. §§ 841(a), 846.  Del Toro challenges the
sufficiency of the evidence supporting his conspiracy conviction and the
district court's imposition of a sentencing enhancement

for his role in the offense under U.S.S.G § 3B1.1(b).  We affirm his conviction, but reverse and remand for resentencing.

A superseding indictment charged Del Toro and six other defendants with  conspiracy to distribute methamphetamine.  Before trial, all defendants except Del Toro pled guilty.  At Del Toro's trial, each of the co-defendants and other witnesses testified for the government.  We need not set forth their testimony in detail.  In brief, the government's evidence was that co-defendant Johnny Wilson and Jimmy Howard, an unindicted co-conspirator who had pled guilty to federal drug charges in Wyoming, entered into a partnership to distribute methamphetamine, which they purchased in California for distribution in Nebraska and Iowa.  Wilson testified that from August 1994 until November 1995, except for a period of about a  month, every week to ten days he had purchased uncut methamphetamine in one to five pound quantities from Del Toro.  Before Howard's arrest in May 1995, Wilson paid cash for the drugs, but after the arrest, Del Toro "fronted" the drugs -- that is, Del Toro allowed Wilson to buy on credit.  Howard testified that between August 1994 and May 1995, on about ten occasions he had purchased between two to five pounds of methamphetamine from Del Toro, who on a few occasions fronted the drugs.  Other witnesses testified that they were present when Wilson or Howard had purchased methamphetamine from Del Toro.  The government also introduced records showing numerous telephone contacts between Wilson and Howard and Del Toro.

On appeal Del Toro argues that the government failed to prove that he knowingly joined the Wilson-Howard conspiracy to distribute methamphetamine.  His argument is totally without merit. "Once the government establishes the existence of a drug

conspiracy, only slight evidence linking the defendant to the conspiracy is required to prove the defendant's involvement and support the conviction." United States v. Jenkins, 78 F.3d 1283, 1287 (8th Cir. 1996). As indicated above, there is ample evidence supporting Del Toro's conspiracy conviction. Certainly, from the quantities of drugs he distributed to Wilson and Howard, a jury could reasonably conclude that Del Toro knew the drugs were purchased for distribution.

Del Toro also challenges his sentence. The presentence report (PSR) found that Del Toro's base offense level was 38 and his criminal history category was I. The PSR recommended a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. Although the PSR noted that Del Toro's role in the "large distribution ring" was not "clear," it recommended a role-in-the-offense enhancement under § 3B1.1(b), which provides for a three-level enhancement "[i]f the defendant was a manager or supervisor" of a criminal activity that involved five or more participants. Del Toro objected to both enhancements. At the sentencing hearing, the government relied on the evidence presented at trial. The court imposed the obstruction-of-justice enhancement, which Del Toro does not challenge on appeal. The court also imposed the role-in the-offense enhancement, which raised Del Toro's offense level to 43 and required the district court to impose a life sentence.

On appeal Del Toro argues that there was insufficient evidence to support the three-level role-in-the-offense enhancement under § 3B1.1(b).[1] "The adjustments

_____

[1]Without the enhancement, Del Toro's guidelines range is 292-365 months. "We point out the relative severity of this enhancement only to illustrate that this is indeed a severe enhancement that deserves an appropriate level of scrutiny from sentencing courts to insure it is warranted in a particular case." United States v. Torres, 53 F.3d 1129, 1143 n.14 (10th Cir.), cert. denied, 116 S. Ct. 220 (1995).

available under § 3B1.1 are meant to differentiate among defendants according to their relative responsibility."  United States v. Bryson, 110 F.3d 575, 586 (8th Cir. 1997).  To qualify for the § 3B1.1(b) enhancement, Del Toro "'must have been . . . the manager, or supervisor of one or more other participants.' "  United States v. Logan, 121 F.3d 1172, 1179 (8th Cir. 1997) (quoting U.S.S.G. § 3B1.1, application note 2).  In imposing the enhancement, among other things, a "court should consider the defendant's exercise of decision-making authority . . . and the degree of control and authority that the defendant exercised over others."  Bryson, 110 F.3d at 584 (citing U.S.S.G. § 3B1.1, application note 4).

Del Toro does not dispute the evidence that he occasionally fronted drugs and acknowledges that this court has upheld § 3B1.1(b) enhancements where fronting was involved, citing United States v. Pena, 67 F.3d 153, 156-57 (8th Cir. 1996), and United States v. Flores, 73 F.3d 826, 835-36 (8th Cir.), cert. denied, 116 S. Ct. 2568 (1996).  However, he argues that fronting alone is an insufficient basis upon which to impose an enhancement.  He points out that in Pena and Flores, in addition to fronting, there was evidence showing the defendants had control over one or more participants.  He notes in Pena, 67 F.3d at 156-57, there was evidence that the defendant had "controlled" a participant and organized and supervised a drug shipment, and in Flores, 73 F.3d at 836, there was evidence that the defendant had "solicited a substantial buyer on behalf of the drug ring, helped finance the [buyer's] trip, played an integral and extensive role in planning [a] transaction, . . . and personally managed and ensured that [a] $200,000 deal got done."

We agree. Indeed, recent case law supports his argument. In Logan, 121 F.3d at 1179, we held that evidence of fronting alone was not "enough to sustain a finding that [defendant] was a manager or supervisor" and reversed a § 3B1.1(b) enhancement because there was no other evidence showing the defendant's control over another participant. In Bryson, 110 F.3d at 586, we stated that even though a defendant may have fronted drugs, without additional evidence showing control over another participant, a § 3B1.1 enhancement was inappropriate, citing e.g. United States v. Guyton, 36 F.3d 655 (7th Cir. 1994). In Guyton, id. at 662, the Seventh Circuit "acknowledged . . . that a seller's front arrangements with his customers could very well give him an incentive to exercise considerable control over their activities[,]" but held that "without evidence of . . . control, evidence of a front arrangement was by itself insufficient to demonstrate the level of control necessary" to support a § 3B1.1 enhancement. See also United States v. Vargas, 16 F.3d 155, 160 (7th Cir. 1994) (defendant's "ability to supply cocaine. . . , to sell it on credit, and to negotiate its price, did not put him in the role of manager or supervisor"). We note the Tenth Circuit also has recently held that fronting, "without something more, is not enough to support" a § 3B1.1 enhancement, reasoning the "gravamen of th[e] enhancement is control, organization, and responsibility for the actions of other individuals." United States v. Owens, 70 F.3d 1118, 1129 (10th Cir. 1995) (internal quotation omitted).

In this case, the government attempts to argue that there was "something more" than fronting. The government notes that Del Toro was responsible for distributing seventy-five to one hundred pounds of methamphetamine. However, in Bryson, 110 F.3d at 585, this court discounted the amount of drugs as a factor for imposing a

§ 3B1.1(b) enhancement, reasoning that a defendant's "status as a . . . distributor [wa]s already reflected in her base offense level, a figure based on the amount of drugs she was responsible for distributing."

The government also notes that except for a month when Howard and Wilson stopped buying from Del Toro because his methamphetamine was "wet," Del Toro was the source of the conspiracy's drugs. However, we note that there was evidence that Wilson and Howard had had at least two other suppliers before they met Del Toro. In any event, in Logan, 121 F.3d at 1179, this court indicated that the fact that a witness had stopped buying from the defendant when his drugs were "bad" showed the defendant's lack of control over the witness. Moreover, it is well-established that Del Toro's "status 'as a distributor, standing alone, does not warrant an enhancement under § 3B1.1.' '' Bryson, 110 F.3d at 584 (quoting United States v. Brown, 944 F.2d 1377, 1381 (7th Cir. 1991)); see also United States v. Roberts, 14 F.3d 502, 524 (10th Cir. 1993) (finding that defendant was source of drugs did not constitute evidence of "control over a subordinate necessary to conclude that [she] was a supervisor or manager"). Also, contrary to the government's argument, in the circumstances of this case, the evidence showing a number of telephone calls between Wilson and Howard and Del Toro does not show Del Toro's control over a participant, especially since there was no evidence as to the content of the calls.

Based on our review of the record, we have found nothing "more" than Del Toro occasionally fronted methamphetamine. We thus hold that the district court erred in imposing the § 3B1.1(b) enhancement.

Accordingly, we affirm Del Toro's conviction, but reverse his sentence and remand for resentencing consistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT