# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4096

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Anthony C. Barrett, | * | Western District of Missouri. |
| | * | |
| Appellant. | * | |

_____

Submitted: November 18, 1998
Filed: April 13, 1999

_____

Before LOKEN, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

LOKEN, Circuit Judge.

Anthony C. Barrett pleaded guilty to conspiring with members of his family and others to distribute cocaine base and other illegal drugs in violation of 21 U.S.C. § 846. At sentencing, over Barrett's objections, the district court[1] imposed upward Guidelines adjustments based upon findings that Barrett was a supervisor or manager in the conspiracy and possessed a firearm. The court declined to depart downward based upon Barrett's cooperation because the government made no substantial

_____

[1]The HONORABLE FERNANDO J. GAITAN, JR., United States District Judge for the Western District of Missouri.

assistance motion.  The court sentenced Barrett to 360 months in prison, the bottom of his Guidelines range.  He appeals that sentence.  We affirm.

**I.  Role in the Offense Adjustment.**  The Guidelines authorize a three-level increase, "If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive."  U.S.S.G. § 3B1.1(b).  We review the district court's determination to impose that adjustment for clear error.  See United States v. Ayers, 138 F.3d 360, 363-64 (8th Cir.), cert. denied, 119 S. Ct. 219 (1998).

At sentencing, whether the conspiracy included five or more participants was not a disputed issue.  Barrett did not object to paragraphs in his presentence report identifying more than five participants.  In addition, at the sentencing hearing, the government read into the record testimony from the trial of Barrett's co-defendants that identified more than five participants.  Barrett did not object to this testimony, and its admission was not plain error.  See  United States v. Parker, 989 F.2d 948, 951-52 (8th Cir.), cert.  denied, 510 U.S. 849 (1993).

While not disputing the conspiracy had many participants, Barrett did contest whether he had managed or supervised other participants.  At the sentencing hearing, an FBI Special Agent testified that Barrett controlled his sister, Sonja Barrett, and Clarence Brooks when they assisted Barrett in the distribution of Endo, a high priced form of marijuana.  Barrett testified in rebuttal, denying any connection with Brooks but admitting he gave Sonja drugs and "supervised or assisted" her in selling drugs.  To warrant a § 3B1.1(b) increase, a defendant need only have managed or supervised at least one other participant.  See U.S.S.G. § 3B1.1, comment n.2; United States v. Pena, 67 F.3d 153, 156-57 (8th Cir.  1995).  The evidence at the sentencing hearing was sufficient to support the district court's finding that Barrett exercised enough control over at least one other conspirator to warrant the three-level increase.

Compare Ayers, 138 F.3d at 364, with United States v. Del Toro-Aguilera, 138 F.3d 340, 342-43 (8th Cir. 1998).

**II. Downward Departure for Substantial Assistance.**  The plea agreement recited that Barrett would "provide full and complete cooperation," that he had not yet provided substantial assistance, and that the government would make a downward departure motion under U.S.S.G. § 5K1.1 if it determined, in its sole discretion, that Barrett provided substantial assistance.  At sentencing, the government declined to make that motion, and the district court denied Barrett's request to depart downward because of his allegedly full cooperation.  When a plea agreement preserves the government's discretion in this regard, "the court is without authority to grant a downward departure for substantial assistance absent a government motion." United States v. Kelly, 18 F.3d 612, 617 (8th Cir. 1994).  The government's decision not to make that motion is reviewable only if the defendant makes a "substantial threshold showing" of improper motive.  Wade v. United States, 504 U.S. 181, 186 (1992); see United States v. Romsey, 975 F.2d 556, 557-58 (8th Cir. 1992).  Barrett has made no such showing; he simply disagrees with the government's assessment of his truthfulness and the extent to which his cooperation assisted the government.

**III. Other Adjustments.**  Barrett also objected to the district court's drug quantity determination and its decision to impose a two-level increase under U.S.S.G. § 2D1.1(b)(1) because he possessed one or more firearms.  In the plea agreement, Barrett stipulated the conspiracy involved over 1.5 kilograms of cocaine base, the quantity used by the district court to determine his base offense level, and he agreed that he would be subject to the two-level enhancement under § 2D1.1(b)(1).  A defendant may not challenge an application of the Guidelines to which he agreed in a plea agreement (unless he proves the agreement invalid or succeeds in withdrawing from it).  See United States v. Early, 77 F.3d 242, 244 (8th Cir. 1996).  Moreover, there was testimony at the sentencing hearing supporting the drug quantity

determination and a finding that Barrett possessed a firearm. Thus, the district court's determinations were not clearly erroneous.

**IV. Conclusion.** Before we requested oral argument, Barrett's appellate counsel submitted his brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). Accordingly, we have reviewed the entire record in the manner prescribed in <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988). Finding no nonfrivolous issues other than those we have resolved in this opinion, we affirm the judgment of the district court and grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.