# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2078

_____

United States of America,     *
       *
        Appellee,     *
       *   Appeal from the United States
    v.        *   District Court for the
       *   District of Nebraska.
Adam L. DeWane,     *
       *     [UNPUBLISHED]
        Appellant.     *

_____

Submitted: January 6, 2000
Filed: January 25, 2000

_____

Before BEAM, LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Adam DeWane appeals from the final judgment entered in the district court[1] upon his guilty plea to conspiring to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. The district court sentenced DeWane to 100 months imprisonment and 5 years supervised release. For reversal, DeWane argues the district court erred in not compelling the government to file a substantial-assistance departure motion, or at least granting him an evidentiary hearing, after

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

DeWane made a substantial threshold showing that the government's refusal to file the motion was in bad faith. He reasons that, because the usefulness of his proffered information was a condition precedent to the government's willingness to enter into a plea agreement which included a substantial-assistance provision, the nature and quality of the information he provided authorities effectively entitled him to a downward departure. DeWane also argues the district court erred in concluding it lacked the authority to depart downward sua sponte.

We agree with the district court that DeWane failed to make a substantial threshold showing that the government's refusal to file the motion was in bad faith, irrational, or based on an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 186 (1992); United States v. Wilkerson, 179 F.3d 1083, 1085 (8th Cir. 1999). DeWane merely demonstrated that he provided information concerning his drug activities, that he was willing to provide continued assistance, and that he disagreed with the government's assessment of the extent to which his cooperation assisted the government. See United States v. Barrett, 173 F.3d 682, 684 (8th Cir. 1999). Therefore, the court correctly concluded that it lacked authority to conduct an evidentiary hearing, or to compel the government to file a substantial-assistance departure motion, or to grant a downward departure motion sua sponte in light of the plea agreement, which explicitly preserved the government's discretion to move for a substantial-assistance departure. See id., 173 F.3d at 684.

Accordingly, we affirm.

A true copy.

Attest:

    CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.