UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JAMES EDWARD FACEMYER, JR., a/k/a
Jimmy,
Defendant-Appellant.

No. 99-4662

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-99-24)

Submitted: March 28, 2000

Decided: April 13, 2000

Before LUTTIG and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph C. Cometti, Charleston, West Virginia, for Appellant. Rebecca
A. Betts, United States Attorney, John C. Parr, Assistant United
States Attorney, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Facemyer appeals the 262-month sentence he received after he pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine. <u>See</u> 21 U.S.C.A.§ 846 (West 1999). He contests the district court's finding that he was a leader or organizer of the offense and its decision to enhance his sentence by four levels under <u>U.S. Sentencing Guidelines Manual</u>§ 3B1.1(a) (1998). We affirm.

From January 1998 to March 1999, Facemyer obtained methamphetamine from Mexican distributors in Florida, where he lived, and sold it in West Virginia to a series of criminal associates, including his cousin, Toni Nelson, Brian Stepp, Donald Malcolm, Jeff Stone (who was murdered during a robbery after he bought a pound of methamphetamine from Facemyer), and Cecil Allen Dean. Facemyer sold methamphetamine to Malcolm, Stone, and Dean on credit in multi-ounce, half-pound, and pound quantities, and they redistributed it. Four murders associated with methamphetamine trafficking triggered an investigation which eventually led to the arrest of Facemyer and his customers.

A four-level sentence adjustment is appropriate under § 3B1.1(a) if the defendant was the organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. Some of the factors to be considered by the district court are

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

2

USSG § 3B1.1, comment. (n.4). Facemyer argues that he did not recruit, organize, lead, or control his customers, or tell them what to do with the methamphetamine he sold them. He cites cases from other circuits which hold that supplying drugs to conspirators who then distribute the drugs is an insufficient basis for the leader/organizer adjustment. See, e.g., United States v. Anderson, 189 F.3d 1201, 1212 (10th Cir. 1999); United States v. Yates, 990 F.2d 1179, 1182 (11th Cir. 1993).*

However, evidence that a defendant was a major supplier of drugs for distribution by members of a conspiracy is sufficient in this circuit to support a leader or organizer adjustment. See United States v. Banks, 10 F.3d 1044, 1057 (4th Cir. 1993). Facemyer did not dispute that he was the supplier in this conspiracy and he profited more than any other participant from the sales of methamphetamine. Because of the nature of Facemyer's participation in the conspiracy, we find that the district court did not clearly err in determining that he was a leader or organizer.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

*Facemyer cites similar decisions from other circuits dealing with the manager or supervisor adjustment under § 3B1.1(b). See United States v. Del Toro-Aguilera, 138 F.3d 340 (8th Cir. 1998); United States v. Logan, 121 F.3d 1172, 1179 (8th Cir. 1997); United States v. Vargas, 16 F.3d 155, 160 (7th Cir. 1994). While we agree that the manager/supervisor adjustment requires management or supervision of another participant, see United States v. Chambers, 985 F.2d 1263, 1268 (4th Cir. 1993), the issue here is Facemyer's role as a leader or organizer.

3