# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2091

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Rufus Merlin Sumlin, Jr., | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  April 19, 2001
Filed:  May 7, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Rufus Merlin Sumlin, Jr., pleaded guilty to being a felon in possession of a firearm and being a felon in possession of ammunition, both in violation of 18 U.S.C. § 922(g)(1) (1994).  At sentencing, he objected to receiving only a two-level, rather than three-level, reduction for acceptance of responsibility, and to the application of a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) for using or possessing firearms in connection with another felony offense.

The government linked Sumlin's possession of firearms with his possession and sale of drugs on the basis of police reports, introduced through the testimony of the

probation officer who had reviewed them in preparing the presentence report. The reports related that firearms were present when Sumlin sold drugs to a confidential informant. The reports also showed that at the time of his arrest there, Sumlin had a loaded firearm in his pocket and that there was drug residue in the apartment. The District Court overruled Sumlin's objections, finding an adequate evidentiary basis for the enhancement, and sentenced him to eighty-two months imprisonment and three years supervised release. Sumlin renews on appeal the arguments he presented below.

Sumlin's challenge to the acceptance-of-responsibility reduction he received is foreclosed by his stipulation to a two-level reduction in his written plea agreement. See United States v. Barrett, 173 F.3d 682, 684 (8th Cir. 1999); United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995).

We conclude, however, that the District Court lacked an adequate factual basis for applying the challenged enhancement. By virtue of Sumlin's objection, the government had the burden to prove a connection between the firearms and another felony offense, but it did not show that its hearsay evidence bore sufficient indicia of reliability. See U.S. Sentencing Guidelines Manual § 6A1.3(a) (1998) (stating that a sentencing court may consider relevant evidence which might be inadmissible at trial, provided the information has sufficient indicia of reliability); United States v. Wise, 976 F.2d 393, 402-04 (8th Cir. 1992) (en banc) (discussing when hearsay is sufficiently reliable under § 6A1.3(a)), cert. denied, 507 U.S. 989 (1993). We believe that a more probative evidentiary hearing on this issue is warranted.

Accordingly, we vacate Sumlin's sentence and remand for resentencing consistent with this opinion. Apart from the enhancement, Sumlin's conviction and sentence are affirmed in all other respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.