**UNITED STATES of America,**
**Appellee,**

v.

**Miguel HENRIQUEZ, Defendant–**
**Appellant.**

**Docket No. 00–1436.**

United States Court of Appeals,
Second Circuit.

March 22, 2002.

Barry F. Kenyon, New York, NY, for Appellant.

Court E. Golumbic, Assistant United States Attorney, (Baruch Weiss, Assistant United States Attorney, of counsel), New York, NY, for Appellee.

Present Honorable CARDAMONE, Honorable F.I. PARKER, and Honorable B.D. PARKER, JR., Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the district court's sentence of the appellant be and it hereby is AFFIRMED.

Miguel Henriquez appeals a June 2, 2000 judgment of conviction in the United States District Court for the Southern District of New York (Denny Chin, *Judge*) following his guilty plea.

Henriquez challenges two aspects of his sentence: 1) application of a two-level enhancement under U.S.S.G. § 3B1.1(c) to his convictions for conspiracy to distribute and possession with intent to distribute cocaine, 21 U.S.C. §§ 812, 841(a)(1) & (b)(1)(B), and 846, and for threatening a federal officer, 18 U.S.C. § 115(a)(1)(B); and 2) failure to grant a downward departure based on Henriquez's status as a deportable alien.

Henriquez's first challenge fails because of his plea agreement. Henriquez stipulated to his leadership role on both counts. Applying the principles of contract law, *see United States v. Rosa*, 123 F.3d 94, 98 (2d Cir.1997), the Court finds that Henriquez bargained for the terms of his agreement, receiving in consideration for his stipulations recommendation of a three-level reduction for acceptance of responsibility, and entered the agreement voluntarily and knowingly, *see United States v. Fernandez*, 877 F.2d 1138, 1142 (2d Cir.1989). Thus, this Court will not relieve Henriquez of the burdens of his agreement. *Rosa*, 123 F.3d at 97–98; *see also United States v. Fiore*, 178 F.3d 917, 925 (7th Cir.1999); *United States v. Barrett*, 173 F.3d 682, 684 (8th Cir.1999). Even if the Court considered Henriquez's challenge, the record supports the leadership role enhancement.

Henriquez's downward departure argument fails for three reasons: First, Henriquez failed to raise his downward departure argument below, waiving it on appeal. *See United States v. Moon*, 926 F.2d 204, 207 (2d Cir.1991)(finding waiver absent unusual circumstances). Second, Henri-

quez's plea agreement also included an explicit promise to abstain from requests for additional departures. *Rosa,* 123 F.3d at 97–98. Third, this Court has found potential deportation alone insufficient to warrant departure. *See United States v. Tejeda,* 146 F.3d 84, 88 (2d Cir.1998).

For the reasons set forth above, the district court's determination of Henriquez's sentence is AFFIRMED.