# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1513

_____

United States of America,      *
                             *

          Appellee,        *

                              *   Appeal from the United States

      v.                     *   District Court for the

                              *   District of Minnesota.

Brian Matlock,            *

                              *     [UNPUBLISHED]

          Appellant.      *

_____

Submitted:   August 3, 2004
Filed:   August 13, 2004

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Brian Matlock appeals the district court's[1] order denying his Federal Rule of Civil Procedure 60(b) motion and his motion for entry of final judgment. In each of the motions, Matlock attacked the district court's denial of his first 28 U.S.C. § 2255 motion. We affirm.

In 1996, Matlock pleaded guilty to a drug conspiracy and to being a felon in possession of a firearm. The district court sentenced him to 276 months

---

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

imprisonment and 5 years supervised release. This court affirmed. See United States v. Matlock, 109 F.3d 1313 (8th Cir. 1997). Thereafter, Matlock filed his first section 2255 motion. Adopting the magistrate's recommendation, the district court denied the habeas motion in an order entered on August 19, 1999. Matlock did not appeal that denial of habeas relief.

On August 8, 2003, Matlock filed the two motions which are the subject of this appeal. In one motion Matlock, relying on Federal Rule of Civil Procedure 60(b), sought relief from the August 19, 1999 judgment on the ground that evidentiary inconsistencies in the government's case amounted to misrepresentation and fraud. In the other motion, Matlock asked the court to enter a final judgment in the first section 2255 proceeding, arguing that the August 19, 1999 order did not comply with the separate-document requirement of Federal Rule of Civil Procedure 58.

Because Matlock raised issues in the Rule 60(b) motion which he had raised in his first section 2255 motion or which he could have raised in that motion, the Rule 60(b) motion was a successive section 2255 motion for which Matlock did not obtain this court's authorization. The district court properly dismissed the motion. See 28 U.S.C. § 2244(b)(3)(A) (authorization requirement); see also Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam) (if Rule 60(b) motion is actually successive habeas petition, court should dismiss it for failure to obtain authorization from court of appeals, or in its discretion, transfer motion to court of appeals). This court has consistently held that inmates may not bypass section 2244(b)(3)'s requirement for authorization by purporting to invoke some other procedure. United States v. Patton, 309 F.3d 1093 (8th Cir. 2002) (per curiam) (collecting cases).

Matlock's motion for final judgment is likewise without merit. This court has held that a district court's order adopting the magistrate's recommendation is consistent with the requirement of Rule 58 that judgment be entered on a separate document. See Mason v. Groose, 942 F.2d 515, 516 (8th Cir. 1991) (holding order

that simply adopted magistrate's report and recommendation by reference was separate document for purposes of Rule 58), cert. denied, 502 U.S. 1039 (1992); see also Kidd v. District of Columbia, 206 F.3d 35, 41 (D.C. Cir. 2000) (same), cert. denied, 531 U.S. 1071 (2001).

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47A.

_____