# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3149

_____

United States of America,          \*
                         \*
         Appellee,     \*
                         \*    Appeal from the United States
     v.                 \*    District Court for the
                         \*    District of Nebraska.
Rodney Harrison,           \*
                         \*
         Appellant.    \*

_____

Submitted: September 28, 2006
Filed: November 30, 2006

_____

Before WOLLMAN, BOWMAN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

This court previously affirmed Rodney L. Harrison's sentence of 168 months. *United States v. Harrison*, 393 F.3d 805 (8th Cir. 2005). While that appeal was pending, Harrison moved to correct, vacate, or set aside his sentence under 28 U.S.C. § 2255. The district court denied the motion, without an evidentiary hearing. Harrison requested to amend his motion to assert ineffective assistance of counsel in the failure to raise the ex post facto claim during sentencing. The district court denied the motion to amend, without comment. This court reverses and remands.

The district court denied the original 2255 motion on June 13, 2005. That same day, Harrison alleges, he placed the amended motion in the institution's outgoing legal mail. Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline. *Moore v. United States,* 173 F.3d 1131, 1135 (8th Cir. 1999); *Grady v. United States*, 269 F.3d 913, 916 (8th Cir. 2001).

In its brief, the government argues that the amended motion was untimely because judgment on the original motion had already been entered. The electronic record indicates that the original motion was denied at 2:40 p.m. and the judgment was entered at 2:44 p.m. on June 13. The record does not indicate the precise time Harrison claims he filed his amended motion.

The Federal Rules of Civil Procedure govern 2255 motions. *United States v. Hernandez*, 436 F.3d 851, 856-57 (8th Cir. 2006). If Harrison's amended motion was deemed filed before judgment was entered, Rule 15(a) controls the request to amend the original motion. *See Wilburn v. Pepsi Cola Bottling Co.*, 492 F.2d 1288, 1290 (8th Cir. 1974); **6 Charles Alan Wright et al., Federal Practice and Procedure § 1489** (2d ed. 1990). If, on the other hand, the amended motion was deemed filed after judgment was entered, Rules 59 and 60 govern the request to amend the original motion. *See Wilburn*, 492 F.2d at 1290.

Denial of a 2255 motion without an evidentiary hearing will be affirmed "only if the motions, files, and record conclusively show the movant is not entitled to relief." **28 U.S.C. § 2255**; *see Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006); *Holloway v. United States*, 960 F.2d 1348, 1351 (8th Cir. 1992). The record here is not conclusive. The record does not indicate whether the amended motion was filed before or after judgment on the original motion. *See Grady*, 269 F.3d at 919. The judgment is reversed and the case remanded.

_____