Maria R. Moran, Assistant United States Attorney, Omaha, NE, for Plaintiff.

John C. Vanderslice, Assistant Federal Public Defender, Lincoln, NE, for Defendant.

---

**UNITED STATES of America, Plaintiff,**

v.

**Jose DELTORO–AGUILERA, Defendant.**

No. 8:95CR146.

United States District Court,

D. Nebraska.

Sept. 15, 2008.

### MEMORANDUM AND ORDER

RICHARD G. KOPF, District Judge.

Moving pro se, Defendant Jose Deltoro–Aguilera requested that I enter judgment on the denial of his § 2255 motion despite the fact that Judge Shanahan [1] ruled against him more than eight years ago. Presumably, Defendant wants me to enter judgment so that he may appeal now while arguing that he could not have done so earlier because there was no judgment. Realizing Defendant's request raised difficult questions, I asked the government for a response. After receiving and reviewing that response, I appointed counsel for Defendant and sought additional advice. Defense counsel and the

1. Following Judge Shanahan's retirement, Chief Judge Bataillon assigned this case to me on April 11, 2008. (*Filing No. 499.*) Parenthetically, due to the age of this case, not all filings have been loaded on CM/ECF. Consequently, hyperlinks are not available for every filing.

government have submitted well-written briefs and this matter is now ripe.

I will grant Defendant's motion. I will also enter the judgment he seeks.

## I.  BACKGROUND

On December 11, 1995, a federal grand jury returned a two count superseding indictment against Jose Deltoro–Aguilera and others. (Filing No. 73.) Count I charged him with conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of Title 21, United States Code, Section 846. Count II charged him with possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1). (*Id.*) Defendant was found guilty by a jury of the charges contained in the superseding indictment on September 11, 1996. (Filing No. 246.)

At the sentencing hearing held on December 19, 1996, based on a finding that at least three kilograms of methamphetamine were attributable to Defendant, his base offense level was set at 38. He received a three-point enhancement because he was a manager or supervisor in the conspiracy, and a two-point enhancement for obstruction of justice. These enhancements brought his total offense level to 43, with a criminal history category of I. Defendant was thereafter sentenced to a term of life imprisonment. (Filing No. 310.) He timely filed a Notice of Appeal on December 27, 1996. (Filing No. 315.) The United States Court of Appeals for the Eighth Circuit affirmed Defendant's conviction, but reversed the sentence and remanded for the imposition of a new one. *United States v. Del Toro–Aguilera*, 138 F.3d 340 (8th Cir.1998) (without more, evidence that Defendant occasionally fronted drugs to co-conspirators, allowing them to buy on credit, was an insufficient basis upon which to impose a three-level role-in-the-offense enhancement to Defendant's sentence).

On August 19, 1998, Defendant was resentenced to 324 months incarceration to be followed by a five-year term of supervised release. (Filing No. 383.) He filed a Notice of Appeal on August 28, 1998. (Filing No. 384.) The Eighth Circuit summarily affirmed the judgment and issued a Mandate on January 25, 1999. (Filing No. 397 (Court of Appeals Case Number 98–3303).)

On December 9, 1999, Defendant filed a motion under *28 U.S.C. § 2255*, essentially alleging that his counsel was ineffective in connection with his resentencing. (Filing No. 408.) By Report and Recommendation dated February 2, 2000, Thomas D. Thalken, United States Magistrate Judge, recommended that Defendant's § 2255 Motion be denied. (Filing No. 412.)

In a Memorandum and Order dated February 22, 2000, Judge Thomas M. Shanahan adopted the Report and Recommendation and denied and dismissed with prejudice Defendant's § 2255 Motion. (Filing No. 415.) Judge Shanahan's opinion was 5 pages long and contained a thorough discussion of the law and the facts as he saw them. In other words, Judge Shanahan did not simply adopt Judge Thalken's Report and Recommendation with a brief order. Furthermore, the Memorandum and Order also denied two other motions relating to requests for transcripts. That is, the Memorandum and Order did not alone deal with the § 2255 motion. No judgment was or has been entered.

The Clerk's docket entry did not reflect that a "judgment" had been entered. Rather, it stated:

> MEMORANDUM AND ORDER: by Judge Thomas M. Shanahan adopting the REPORT AND RECOMMENDATION by Magistrate Judge Thomas D. Thalken in its entirety [408–1]; The motion under 28:2255 [408–1] to vacate, set aside, or correct sentence filed by the dft is denied; The dft's request for transcript [410–1] is denied as moot; and The dft's request for transcript [414–1] is denied as moot as to defendant Jose Deltoro–Aguilera—COPIES MAILED (ICMSUSER) (Entered: 02/23/2000)

(Docket Entry for Filing No. 415.)

The docket sheet shows Defendant did not appeal the denial of his § 2255 Motion. A PACER check for the United States Court of Appeals for the Eighth Circuit confirms that no appeal was lodged for the denial of the § 2255 motion.

On September 18, 2000, Defendant filed a "Motion to Supplement Action under U.S.C. § 2255." (Filing No. 417.) Because this Motion raised new and unrelated issues, this court determined that it should be characterized as a second or successive § 2255 Motion. (Filing No. 420.) As such, this court issued an Order denying the Motion because it had not been certified by the Eighth Circuit Court of Appeals as required by § 2255. (*Id.*) This court also directed the Clerk to mail a copy of the Order and a copy of Filing Number 415 (the opinion denying the first § 2255 motion) to Defendant. (Filing No. 420.)

On July 10, 2001, Defendant filed a "Petition for Permission to file a Successive Habeas Corpus" in the United States Court of Appeals for the Eighth Circuit. (Docketed in the United States Court of Appeals for the Eighth Circuit as Case Number 01–2733.) The Eighth Circuit issued an Order on July 31, 2001, directing Defendant to show cause why the "case should not be dismissed for failure to prosecute." (Filing No. 424.) On September 24, 2001, the Eighth Circuit dismissed the case for want of prosecution. (Filing Nos. 425 and 426.)

On April 11, 2008, Defendant filed a pro se "Motion for the Entry of the Judgment in a Separate Document," requesting that this court enter a final Judgment. (*Filing No. 500.*) Noting that there was strong authority supporting Defendant's position, I directed the government to file a response. (*Filing No. 501.*) The government responded. (*Filing No. 505.*)

The government made the following arguments: (1) based upon *Mason v. Groose*, 942 F.2d 515 (8th Cir.1991) and *United States v. Matlock*, 107 Fed.Appx. 697 (8th Cir.2004) the Memorandum and Order issued by Judge Shanahan was sufficient under Federal Rule of Civil Procedure 58 and no separate document was required (*filing no. 505* at CM/ECF pp. 6–8); and (2) under the December 1, 2002 amendment of Federal Rule of Civil Procedure 58, even if a separate document was required, the case nevertheless became final for appeal purposes 180 days after the decision was made. (*Filing No. 505* at CM/ECF at pp. 8–11.)

After reading the government's thoughtful brief, it became clear that Defendant needed a lawyer. I appointed the Federal Public Defender and requested a response on behalf of Defendant. (*Filing No. 507.*) In response, Defense Counsel submitted an equally thoughtful responsive brief. (*Filing No. 509.*) Counsel argued that: (1) *Rule 58* of the Federal Rules of Civil Procedure requires a separate judgment where a dispositive opinion is issued in a civil case (*Filing No. 509* at CM/ECF pp. 3–4); (2) a § 2255 motion has been characterized as a civil case subject to *Rule 58* in decisions such as *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir.2006) and *United States v. Matlock (id.)*; (3) *Mason v. Groose and United States v. Matlock* stand for a limited exception to the "separate document" requirement, that is, no separate document labeled a "judgment" is required where the "order" contains no legal reasoning or authority but simply adopts a report and recommendation denying relief (*id.* at CM/ECF pp. 4–10); (4) the exception found in *Mason v. Groose* and *United States v. Matlock* is not applicable in this case because Judge Shanahan's Memorandum and Order did far more than simply adopt the report and recommendation (*id.*); and (5) the 2002 amendment to *Rule 58* should not be applied retroactively because it would not be "just and practicable" to do so. (*Id.* at CM/ECF pp. 10–13.)

## II. ANALYSIS

Defendant is entitled to the judgment he seeks. I have four reasons for this conclusion.

### The "Separate Document" Rule Applies to Defendant's § 2255 Motion

Federal Rule of Civil Procedure 58, as it existed in February of 2000 when Judge Shanahan made his decision denying Defendant's § 2255 motion, provided, in pertinent part, that a "judgment" is required when a civil case is finally resolved and "[e]very judgment shall be set forth on a *separate document.*" Fed.R.Civ.P. 58 (2000) (emphasis added). The rule goes on to provide that a "judgment is effective *only* when so set forth and when entered as provided in Rule

79(a)." *Id.* (emphasis added). Rule 79(a) provided, in pertinent part, that the clerk was to enter "judgments ... in the civil docket...." Fed.R.Civ.P. 79(a) (2000).

Did the provisions of *Rule 58* requiring the use of a "separate document" and the recording of the same on the civil docket apply to Defendant's § 2255 motion? I conclude that they did.

The Eighth Circuit Court of Appeals has flatly stated that the "Federal Rules of Civil Procedure govern 2255 motions." *Harrison,* 469 F.3d at 1217 (reversing denial of § 2255 motion because the Court of Appeals could not determine whether denial of motion to amend was deemed filed before or after the judgment and thus the court could not determine whether Federal Rule of Civil Procedure 15(a) applied or whether Federal Rules of Civil Procedure 59 and 60 applied) (citing *United States v. Hernandez,* 436 F.3d 851, 856–57 (8th Cir.2006)).

More directly, the Court of Appeals has specifically applied *Rule 58* to § 2255 motions. *Matlock,* 107 Fed.Appx. at 698 (applying *Fed.R.Civ.P. 58* to § 2255 motion; holding that district court's order adopting magistrate's recommendation to deny § 2255 motion to vacate, set aside, or correct sentence was consistent with the requirement under *Rule 58* that judgment be entered on a separate document)[2] (citing *Mason,* 942 F.2d at 516) (holding order that simply adopted magistrate's report and recommendation by reference was separate document for purposes of *Rule 58* and affirming denial of habeas corpus petition under § 2254).

While one might debate whether it is correct to apply the Federal Rules of Civil Procedure, and *Rule 58* in particular, to § 2255 motions,[3] one cannot debate that the Eighth Circuit has done so. Thus, Judge

Shanahan was required to comply with *Rule 58.*

### Judge Shanahan's 2000 Memorandum and Order Did not Comply with Rule 58

*Rule 58,* as it existed when Judge Shanahan made his decision, plainly required a "separate document" and the recording of the same on the "civil docket" in order for the result of a final decision to become "effective." Fed.R.Civ.P. 58 (2000). In other words, "[t]o be effective as a judgment it is the separate document known as a judgment that must be entered on the docket." 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2785, at 23 (2d ed.1995).

The courts "generally" required "strict enforcement of the rule." *Id.; See also Sanders v. Clemco Indus.,* 862 F.2d 161, 167–68 (8th Cir.1988) (cautioning district judges "to enter a separate judgment when they intend a final disposition in a case" and instructing clerks of court "to confirm the entry of a final judgment as required by *Rule 58.*"). The reason, of course, for the mechanical application of the Rule is to protect the losing party's right to appeal because the limited time for appeal typically runs from the entry of "judgment." 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2781 (Purpose of Rule). The use of a separate document and the Clerk's entry of the same on the docket makes crystal clear when the losing party may seek redress from an adverse "judgment."

Here, the Rule was violated in two ways. There was (1) no "separate document" used to express the judgment, and (2) because of that initial error, no "judgment" was entered on the docket by the Clerk of court.

---

**2.** As I will later explain, *Matlock* does not help the government because Judge Shanahan did more than merely adopt a report and recommendation.

**3.** Rule 12 of the *Rules Governing Section 2255* Proceedings for the United States District Courts states: "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provision or these rules, may be applied

to a proceeding under these rules." This would seem to give the Court of Appeals ample latitude to conclude that *Rule 58* does not apply. Indeed, the Second Circuit has held that an order denying relief on a § 2255 motion attacking a sentence is not subject to *Rule 58* and therefore the time for filing a notice of appeal begins to run from the date of the order denying relief. *Williams v. United States,* 984 F.2d 28, 29–31 (2d Cir.1993).

*The Eighth Circuit's "Order Adopting an R & R" Exception Does Not Apply*

Although a "judgment" must be entered in a "separate document," and although *Rule 58* has been applied by the Eighth Circuit to § 2255 motions, the Court of Appeals has also ruled that an order merely adopting a report and recommendation that denies such a motion will satisfy *Rule 58*. *Matlock*, 107 F. Appx. at 698 (citing *Mason*, 942 F.2d at 516). In essence, the Court of Appeals has sensibly decided that labels ("judgment" versus "order") do not alone determine whether a judge has complied with *Rule 58*. In *Matlock* and *Mason* the Court of Appeals treated an order adopting an adverse report and recommendation, *without more*, as a "judgment," but that is not what we have here.

Judge Shanahan used five pages to explain his decision rather than merely adopting Judge Thalken's Report and Recommendation. Furthermore, Judge Shanahan used his opinion to rule on two additional and separate motions regarding transcripts. Still further, the Clerk did not record the judge's decision as a "Judgment" but rather as a "Memorandum and Order." In short, I know of no precedent that would allow me to treat Judge Shanahan's lengthy, multi-faceted decision as meeting the requirements of a "judgment" under *Rule 58*. *See, e.g., Skretvedt v. E.I. Dupont De Nemours*, 372 F.3d 193, 201–02 n. 10 (3d Cir.2004) (holding that an order satisfies Rule 58's separate document requirement "where it (1) is self-contained and separate from the opinion, (2) sets forth the relief granted, and (3) omits the district court's reasons....."); 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2785, at 11–13 n. 2 (2d ed. Supp.2008) (collecting cases).

*The 2002 Amendment to Rule 58 Is Not Applicable*

Effective December 1, 2002, *Rule 58* was substantially rewritten. *See* Fed.R.Civ.P. 58 (2002); 207 F.R.D. 50, 75–82 (April 29, 2002) (Letter from the Chief Justice and Order of the Supreme Court transmitting amendments of the Federal Rules of Civil Procedure to the Speaker of the House). As pertinent here, the amendments preserved the "separate document" requirement,[4] but they also addressed the situation where no such "separate document" was entered. In that case, a "judgment will be deemed entered ... 'when 150 days have run from entry in the civil docket under Rule 79(a).' " 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2785, at 10–11 & n. 8.2 (2d ed. Supp.2008) (discussing Fed.R.Civ.P. 58(b)(2)(B)[5] (2002).) Essentially, this means that where an appealable order is entered that requires a separate document, but no separate document is entered, the aggrieved party has 180 days from the entry of the order to appeal. *See, e.g., Chambers v. City of Fordyce, Arkansas*, 508 F.3d 878, 880 (8th Cir.2007) (applying *Rule 58* and holding that the 30–day period for plaintiffs to file notice of appeal of district court's order granting joint motion to dismiss remaining claims against defendants in civil rights action began to run 150 days after date of order, where district court did not enter judgment dismissing the case on a separate document.).

The government argues that even if a separate document was required, amended *Rule 58* cut off Defendant's right to appeal because more than 180 days (150 days under *Rule 58* plus 30 days to appeal) passed without appeal after Judge Shanahan's February 22, 2000 order denying the § 2255 motion was filed and docketed. "Thus, to be timely, the Defendant had to file his notice of appeal on or before September 19, 2000." (*Filing No. 505* at CM/ECF p. 13.) I reject this argument.

The Supreme Court Order amending *Rule 58* states the amendment "shall govern in all proceedings in civil cases thereafter commenced and, *insofar as just and practicable*, all proceedings then pending." *207 F.R.D. 50, 53 (2002)* (emphasis added). I do not believe that it would be just or practicable to

---

4. However, unlike the earlier version, the amended Rule made no statement about when a judgment was "effective."

5. That provision now appears as *Fed.R.Civ.P. 58(c)(2)(B) (2007)*. *Rule 58* was amended in 2007 as a part of the general restyling of the federal civil rules. However, no substantive change was made.

apply amended *Rule 58* in this case even though Defendant's § 2225 motion was "pending" (that is to say, unresolved by a separate "judgment") when *Rule 58* was amended. I have three independent reasons for this conclusion.

First, Defendant was not represented by counsel when he filed his § 2255 motion and he remained without counsel until 2008. He has also been in prison at all relevant times. Moreover, Defendant does not speak English very well. (*See, e.g.*, Filing No. 382 (Minutes reflecting that Defendant received the services of an interpreter at the time he was resentenced).) Because the legal issues associated with amended *Rule 58* are highly technical, and the consequences to Defendant are very serious, justice would not be served by applying the amendment to an unrepresented and incarcerated person who is not conversant with the English language.

Second, the government will not be prejudiced if I fail to apply amended *Rule 58*. That is, the government will simply be required to defend Judge Shanahan's decision on appeal. Nothing about the passage of time or the amendment of *Rule 58* has put the government in a different position than it would have been had Judge Shanahan entered the required judgment in February of 2000.

Third, it would not be "practicable" to apply amended *Rule 58* in this situation because the time for compliance with the rule would have expired before anyone knew what the rule required. Let me put this point differently and in the form of a question. How could Defendant (or anyone else) comply with amended *Rule 58* and file an appeal within 180 days after Judge Shanahan's ruling in February of 2000 if amended *Rule 58*

was not even proposed until April of 2002? The question answers itself.

I am unmoved by the decisions from other Circuits cited by the government. Suffice it to say that none of them involve the same mix of factors presented by this case. Furthermore, our Court of Appeals has treated pro se criminal defendants leniently when deciding questions like this one with the view toward preserving, rather than cutting off, the right to appeal. *United States v. Duke*, 50 F.3d 571, 575–76 (8th Cir.1995) (in a § 2255 case, provision of the amended Rules of Appellate Procedure governing tolling of time for appeal would be applied retroactively to allow consideration of the defendant's appeal because it was "just and practicable" to do so particularly given the pro se status of the incarcerated defendant). I will follow the lead of our Court of Appeals.

IT IS THEREFORE ORDERED that the motion for entry of judgment (*Filing No. 500*) is granted. A separate judgment will be issued.

## JUDGMENT

IT IS ORDERED that judgment is entered in favor of the United States of America and against Defendant, Jose Deltoro–Aguilera, providing that Defendant's motion pursuant to 28 U.S.C. § 2255 (filing no. 408) is denied and dismissed with prejudice.