# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3030

_____

United States of America,      *
                                *

            Appellee,        *

                                *   Appeal from the United

    v.                          *   States District Court for

                                *   the District of Minnesota.

Roberto Guadalupe Aleman,   *

                                *    [UNPUBLISHED]

          Appellant.       *

_____

Submitted: May 14, 2012
Filed: June 22, 2012

_____

Before WOLLMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Roberto Guadalupe Aleman, his two brothers, and his mother, among others, ran an extensive drug trafficking and money laundering ring in Minneapolis. All were indicted and all pled guilty to a single count of conspiracy. Specifically, Aleman pled guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. The Presentence Investigation Report (PSR) recommended a four-level increase for his leadership role. A four-level increase was also recommended for his mother for her role in the

conspiracy, which, according to Aleman, the district court[1] did not apply. At sentencing Aleman rested on the factual account in the PSR but objected to the recommended four-level increase for leadership role.

Aleman claims that the facts supporting the leadership role enhancement for he and his mother were similar and, as such, the court created a disparity in applying it to Aleman but not his mother. We review a district court's determination regarding a defendant's role for clear error. United States v. Umanzor, 617 F.3d 1053, 1060 (8th Cir. 2010); United States v. Molina-Perez, 595 F.3d 854, 862 (8th Cir. 2010). "We give a broad reading to the terms 'organizer' and 'leader' as used in § 3B1.1." Molina-Perez, 595 F.3d at 862. A leadership role is determined by the nature of the defendant's role in the offense, the recruitment of accomplices, and the degree of participation in planning or organizing the offense. United States Sentencing Guidelines (U.S.S.G.) § 3B1.1 cmt. n. 4; United States v. Williams, 605 F.3d 556, 570 (8th Cir. 2010). "A court may also look to a defendant's 'decision-making authority . . . and the degree of control and authority that the defendant exercised over others.'" Williams, 605 F.3d at 570 (alteration in original) (quoting United States v. Del Toro-Aguilera, 138 F.3d 340, 342 (8th Cir. 1998)).

On this record, there was no error. The factual account contained in the PSR sufficiently supports the imposed enhancement here. Without belaboring the specific and other prolific facts contained in the PSR, Aleman exercised significant authority regarding the transportation of drugs, specifically through the use of couriers, from Texas to Minnesota; oversaw the distribution of cocaine to customers in Minnesota; and handled the collection and transfer of cash proceeds from the drug transactions. That the district court allegedly did not likewise apply the enhancement to the sentence of Aleman's mother is of no consequence. Aleman claims that because the

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

facts contained in the PSR are "identical" for him and his mother, it was an abuse of discretion for the court to impose the enhancement in the instant case and not in hers. Despite the fact that a reading of the PSR does not support the conclusion that the facts are identical as to these co-defendants, Aleman further fails to acknowledge the many differences that can lie between co-defendants indicted in a single conspiracy including, for example, crucial differences between plea agreements and the possibility that a co-defendant lodged materially different objections at the time of sentencing; all of which affect the record before the sentencing court.

Accordingly, we affirm.

_____